##### FOR THE

### COUNTY OF ORLEANS.

### MARCH TERM, 1846.

---

##### PRESENT,

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. STEPHEN ROYCE, } Assistant Judges.
Hon. DANIEL KELLOGG, }

---

### STATE v. J. MILLARD.

If a man indecently expose his person to a woman, and solicit her to have sexual intercourse with him, and persist in so doing, notwithstanding her opposition and remonstrance, this is "open and gross lewdness and lascivious behavior," for which an indictment will lie, under chap. 99, sec. 8, of the Revised Statutes. The crime does not depend upon the *number* of persons, to whom a man thus exposes himself, whether one or many.

INDICTMENT for open and gross lewdness and lascivious behavior, founded on chapter 99, section 8, of the Revised Statutes.*    In the

---

*Which section is in these words ;—" If any man, or woman, married, or un-
' married, shall be guilty of open and gross lewdness and lascivious behavior,
' every such person shall be punished by imprisonment in the common jail, not
' more than two years, or by fine, not exceeding three hundred dollars."

State *v.* Millard.

first count it was alleged, that the respondent, on the 25th day of May, 1844, did expose and exhibit his private parts, in a most indecent situation and posture, to divers persons, with intent to excite in their minds lewd and unchaste desires and inclinations.   The second count alleged, that the respondent, on the 25th day of May, 1844, did commit open and gross lewdness and lascivious behavior, and did then and there lewdly and lasciviously expose his private parts in a most indecent posture and situation, in the presence of one Polly Potter.   The third count stated, that the respondent, on the tenth day of June, 1844, intending to corrupt the manners and morals of the people, did commit open and gross lewdness and lascivious behavior, and did then and there lewdly and lasciviously expose and exhibit his private parts in the presence of one Polly Potter and in the presence of divers other persons, to the jurors unknown.

On trial the prosecutor called as a witness Polly Potter, the person named in the indictment, who testified, that, on the 10th day of June, 1844, about noon, the respondent came to the house, where the witness lived, no other person being then in or near the house, except a child of the witness, about one year of age, when the respondent exposed his private parts to her, and, in that condition, came and took hold of her; that she got away from him and went out of doors, the respondent following her; that she then returned into the house, intending to fasten the door against him, but he followed so closely, that she was unable to keep him out of the house; that he continued to expose his person to her for a while longer, urging her to have sexual intercourse with him; but that she assented to none of his conduct and refused all his solicitations. The witness also testified to some acts, of a similar character, but not carried to so great an extent, committed by the respondent about two weeks previously; and the prosecutor waived all claim for a conviction for that transaction.   No other witness was called.

The respondent claimed, that, inasmuch as the transaction of the tenth of June took place between himself and the witness alone, and mostly within the house, no third person being or supposed to be within view of it, it did not constitute open and gross lewdness, or lascivious behavior, within the meaning of the statute.   He also contended, that, as the prosecutor had attempted to prove two dis-

tinct offences, one on or about the twenty fifth of May, and the other on the tenth of June, the evidence relating to the tenth of June could not be applied in support of any count in the indictment, which alleged the offence to have been committed on the twenty fifth of May.

But the county court,—ROYCE, J., presiding,—instructed the jury, that they were at liberty to apply the evidence of what took place on the tenth of June to either count in the indictment,—but that they were not at liberty to convict the respondent for what took place on or about the twenty fifth of May. They jury were farther told, that, if they should fully credit the witness in regard to the transaction on the tenth of June, and should find the facts to be proved, as she had related them, those facts were sufficient, in the opinion of the court, to justify a conviction of the respondent.

The jury returned a verdict of guilty. The respondent thereupon moved in arrest of judgment, for the insufficiency of the indictment; and the motion was overruled by the court. Exceptions by respondent.

*L. P. Poland* for respondent.

" Open and gross lewdness and lascivious behaviour " was a misdemeanor at commonn law, punishable by fine and imprisonment. Roscoe's Cr. Ev. 663. · 1 Russ. on Cr. 302. 4 Chit. Bl. 64, and note 25. 2 Chit. Cr. Law 17, 18. *Rex* v. *Crunden*, 2 Camp. 89. *Rex* v. *Sedley*, Sid. 168 ; 1 Keb. 620. 1 Hawk. P. C. c. 5, § 4. The *gist* of the crime consisted, not in the disturbance of the feelings of any particular person, or the invasion of any one's individual rights, but in its tendency to deprave the morals of the public and promote a general disregard of the rules of morality and decency in the community. The statute, on which this indictment is founded, has created no new offence, but is merely in affirmance of the common law. Is, then, any degree of lewdness, however private, an offence, within the meaning of the statute ? If not, then the facts detailed in this case could not be, for none could be more secret, or have fewer witnesses. *Commonwealth* v. *Catlin*, 1 Mass. 8. All the precedents for indictments of this kind allege the crime to have been committed in public and in presence of divers persons, and this is a material allegation.

*N. S. Hill*, state's attorney.

Statutes for the public good should be so construed, as to suppress the mischief and advance the remedy. Under this rule of construction the statute in question should be held to be violated, whenever there is an indecent exposure to one, or more, without a manifest intention of prudent concealment; in other words, when such exposure is voluntary, it should be deemed *open and gross.* 1 Swift's Dig. 11, 12.

Proof of the crime having been committed on the tenth of June would support an allegation, that it was committed on the twenty fifth of May,—as the day is not material. 2 Swift's Dig. 376.  4 Arch. Bl. Com. 309.  1 Chit. Cr. Law 556.  2 Phil. Ev. 164.  3 Stark. Ev. 1568.

It is not necessary, in an indictment for a statutable offence, to follow the exact words of the statute.  *State* v. *Little*, 1 Vt. 331.

The opinion of the court was delivered by

WILLIAMS, Ch. J.  In this case the respondent excepted to the charge of the court, and also to their decision, in overruling the motion in arrest; on both which points we think the decision was correct.

The statute,—Rev. St. 444, § 8,—provides, that if any man, or woman, married, or unmarried, shall be guilty of open and gross lewdness and lascivious behaviour, &c., he shall be imprisoned in the common jail not more than two years, or fined not exceeding three hundred dollars. No particular definition is given, by the statute, of what constitutes this crime. The indelicacy of the subject forbids it, and does not require of the court to state what particular conduct will constitute the offence. The common sense of community, as well as the sense of decency, propriety and morality, which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it.

That the conduct of the respondent, in this case, was lewd and lascivious is beyond question. A public exposure of himself to a female, in the manner this respondent did, with a view to excite unchaste feelings and passions in her and to induce her to yield to his wishes, is lewd, and is gross lewdness, calculated to outrage the

73

feelings of the person, to whom he thus exposed himself, and to show, that all sense of decency, chastity, or propriety of conduct, was wanting in him, and that he was a proper subject for the animadversion of criminal jurisprudence.

That this lewdness was *open,*—which, under this statute, must be considered as undisguised, not concealed, and opposite to private, concealed, and unseen,—is also evident. There was no desire, or wish, for concealment; and, so far as the female was in his view, he exposed himself to her with the intent and design that she should see him thus exposed. The crime cannot be made to depend on the number of persons, to whom a person thus exposes himself, whether one, or many. Indeed, the offence, in this case, is more glaring and gross, than in the case of Sir Charles Sedley, [1 Sid. 168, 1 Keb. 620,] or of the man who bathed in a public place. *Rex* v. *Crunden*, 2 Camp. 89. In those cases there was a disregard of decency, without any design to outrage the feelings of any individuals, or to excite any improper desires or feelings in them. In the case before us such motives evidently actuated the respondent.

I am not prepared to say, that the conduct of the respondent would not have been indictable at common law, notwithstanding the intimation to the contrary in the case of *Fowler* v. *The State*, 5 Day 81. There is a precedent of an indictment against one Bennett, in 2 Chit. 41, on which he was convicted, which would have been sustained by the same evidence produced against this respondent.

Of the soundness of the decision in *Commonwealth* v. *Catlin*, 1 Mass. 8, we have nothing to say,—and only remark, that, in that case, the lewdness was designed to be private, and it was rather accidental, that the offenders were discovered; and in this particular the case is essentially different from the one before us.

No other objections have been urged in the argument. The indictment, in the second and third counts, has followed the words of the statute. Judgment must be rendered on the verdict, and the respondent sentenced.