## SUPREME COURT—IN BANCO.

### JANUARY TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

## THE KING *vs.* NAWAHINE.

OBSCENE LANGUAGE used on the highway to a girl in presence and hearing of another girl and a woman is a PUBLIC NUISANCE, if the jury so find.

ALLEN, C. J.   The defendant was charged with the offence of a common nuisance in that he used obscene and foul language on the highway, on a certain Sunday, to a girl in the presence and hearing of another girl, and of a married woman.   On this charge he was tried, and convicted by a jury.

The defendant's counsel moved in arrest of judgment on the ground that the act charged is not properly brought, under the statute against common nuisances, but should have been brought under Ch. 13, Sec. 8 of the Penal Code, concerning lewd conversation and conduct.

The Court overruled the motion, to which defendant's counsel has taken exceptions. The statute against which the complaint is made declares that the offence of a common nuisance is doing, causing or promoting a public outrage against common decency, or common morality, or tending plainly and directly to the corruption of the morals of the people.

It further declares that open lewdness or lascivious behavior, or indecent exposure, is a common nuisance.

It further declares, that it is a question of fact to be determined by the jury, whether the act or thing complained of is really so hurtful or prejudicial to others, as to render it a common nuisance.

The Act which the counsel for defendant contends that the defendant has violated, if any, contains this provision, viz. :

"Any man or woman who is guilty of lewd conversation, lascivious conduct, or libidinous solicitation, shall be punished by fine and imprisonment."

It may be a violation of the latter statute to use lewd language to a single individual, and the question in this case is, simply whether the language used was in such a public place, and in the presence of such numbers of persons, as to make it an offence against common decency and common morality. It was to a girl, in the presence of another girl and another woman, and the jury by their verdict have declared that the language was so hurtful and prejudicial to others as to make it a common nuisance.

The counsel for the defendant contends "that to constitute a common nuisance under our statute, the act must be injurious to the public—to a large class of the community."

The Court acquiesces in the opinion of the counsel, that the act complained of must be injurious to the public morals, but dissents from the position that it must be injurious to a large class of the community. That it must be injurious to more than one person, is undoubtedly true. But the limita-

tion taken must be far less than that maintained by the counsel. The authorities do not sustain this position, and no such deduction can be drawn from our statute.

In the case of the Queen *vs.* Wason, Cox's Cr. Cases, 377, Lord Denman, C. J., says, that "the general rule is, that a nuisance must be public, that is, to the injury, or offence of several."

It is not a new principle incorporated in the Penal Code, that language used which tends to the corruption of the public morals, is indictable as a common nuisance. Profane cursing, or swearing, in public, is indictable at common law as a nuisance. It is an established principle that whatever openly outrages decency, and is injurious to public morals, is a misdemeanor at common law. 1 Hawk., P. C., c. 5, 8, 4. In the case of Rex *vs.* Crunden, 2 Camp., 90, McDonald, C. B., ruled that whatever place becomes the habitation of civilized man, there the laws of decency must be enforced. It is unnecessary, however, to resort to any authorities to sustain the indictment except the Code itself. The jury have decided by their verdict that the charge of common nuisance is sustained by the use of the language as alleged, in the presence and hearing of three persons, and the Court declines to disturb the verdict, and therefore overrules the exceptions.

His Ex. the Attorney General for the Crown.
W. C. Jones for defendant.

Honolulu, February 12th, 1872.