## TERRITORY OF HAWAII *v.* ANTONE MARTIN.

APPEAL FROM DISTRICT COURT, HONOLULU.

SUBMITTED JUNE 16, 1902.              DECIDED JUNE 25, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Indecent exposure in a public place, where it may be seen by others if
  they pass by, is, even though actually seen by one person only,
  punishable under Section 324 of the Penal Laws.

OPINION OF THE COURT BY PERRY, J.

The defendant was found guilty by the District Magistrate
of the offense of common nuisance in the first degree by mak-
ing an indecent exposure of his person in a public place, to wit,
the Beach Road in Honolulu. The only point of law appealed
on is that the judgment is contrary to the law and to the evi-
dence and to the weight of the evidence. The evidence adduced
is sufficient to support a finding that at the time charged the
defendant made what was undoubtedly an indecent exposure
of his person to a girl twelve years old and that this was accom-
panied with solicitations to permit intercourse with her; that
the parties were then behind a pile of lumber near a public
highway, but in view, nevertheless, of any one who might pass
along the road; that the girl had gone there somewhat reluct-
antly in consequence of defendant's importunities; and that one
person only, other than the defendant and the girl, to wit, the
father of the girl, approached the place referred to while they
were there. Whether or not the girl's father was in a position

to see before the exposure ended, is not entirely clear from the evidence, but the evidence was, perhaps, sufficient to sustain a finding that he could have seen. However that may be, it may be assumed that the exposure was to or in the view of the girl only. The contention on behalf of the defendant is that, in such a case, the offense of common nuisance is not established and that it is an essential element of the offense that the act be done in a public place and in view of more than one person. The place where the act was done was a public one. See *Republic v. Ben,* 10 Haw. 278, 280. Whether it is necessary to constitute the offense that it be committed in a public place, we need not, therefore, say. The question of whether the exposure to be punishable as a common nuisance must be to or in view of more than one person, is one of construction of our statute. Decisions rendered in cases where the charge was of a common law offense can be of but little assistance. Similarly, of those based on statutes different from ours. Under the latter class would fall *Com. v. Wardell,* 128 Mass. 52 and *St. v. Millard,* 18 Vt. 574, where the statutory provision was that, "if any man or woman, married or unmarried, is guilty of open and gross lewdness and lascivious behavior, every such person shall be punished,   *   *   *." In these two cases it was held that the word *open* was descriptive of the nature of the act, as opposed to *secret,* and not of the place.

Our statute (section 324, Penal Laws) reads as follows:

"The offense of common nuisance is the endangering of the public personal safety or health, or doing, causing, or promoting, maintaining or continuing what is offensive to the public, or is annoying and vexatious, or plainly hurtful to the public, or is a public outrage against common decency or common morality, or tends plainly and directly to the corruption of the morals, honesty and good habits of the people, the same being without authority or justification by law.

"As, for example,   *   *   *   open lewdness or lascivious behavior, or indecent exposure."

The legislature has itself cited indecent exposure as an example of what it sought to define as common nuisances in the first paragraph of section 324. In our opinion when the inde-

20-D

cent exposure is in a public place where it may be seen by others if they pass by, it is such as is contemplated by the statute even though it is actually seen by one person only.

The appeal is dismissed.

*E. A. Douthitt,* Assistant Attorney-General, for prosecution.

*J. T. De Bolt* for defendant.