CASE 51.—PROSECUTION AGAINST THE CINCINNATI, NEW
ORLEANS & TEXAS PACIFIC RAILROAD COM-
PANY FOR SUFFERING A NUISANCE ON ITS
PREMISES.—September 30, 1908.

## Commonwealth v. Cin., N. O, & T. P. Ry. Co

Appeal from Jessamine Circuit Court.

Allegations in an indictment for suffering a nui-
sance held to be sufficient, with directions to over-
rule appellee's demurrer thereto.—Reversed.

1. Nuisance—Criminal  Responsibility —Indictment—Sufficiency.
—An indictment which charged defendant with conveying
to its premises and  permitting to assemble there  large
numbers of persons, who engaged in dancing, drinking,
swearing, making loud noises, and otherwise misbehaving,
and which alleged that such premises were on a public
highway located in a village, near to divers dwelling houses
of various persons, and that the acts disturbed the peace
and pleasure of persons residing in the village near the high-
way, sufficiently alleged that the acts took place within the
sight or hearing of those passing the premises or living in
the vicinity.
2. Same—Acts Constituting Nuisance—"Common Nuisance."—
Dancing and drinking, accompanied by swearing, drunken-
ness, making loud noises, and otherwise misbehaving, consti-
tute a "common nuisance," indictable as a public offense.

JAMES BREATHITT, Attorney General, and TOM B. McGREG-
OR, Asst. Attorney General, for appellant.

N. L. BRONAUGH for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Reversing.

The grand jury of Jessamine county, Kentucky, at
the June term, 1907, of the Jessamine circuit court re-
turned the following indictment:

"The grand jury of Jessamine county, in the name and by the authority of the Commonwealth of Kentucky, accuse the Cincinnati, New Orleans & Texas Pacific Railroad Company of the offense of suffering a nuisance committed as follows, viz: That said Cincinnati, New Orleans & Texas Pacific Railroad Company on the 5th day of June, 1907, in the county aforesaid, and on divers other days and times before the finding of this indictment, it, the said Cincinnati, New Orleans & Texas Pacific Railroad Company, being then the owner occupying and having control of a certain tract of land lying and being situate in and at a point in said county, known as High Bridge, said tract of land being known as the Palisade and right of way of said railroad company, did unlawfully and willfully suffer and permit divers persons, men as well as women there to be and remain on said land, and cause same to be brought upon said lands, and there to be and remain and congregate in large numbers upon and about said premises on Sunday, and engage in dancing, drinking, tippling, cursing, swearing, being drunk, making loud noises and otherwise misbehaving. The said ground being on and near a public highway, commonly known as the Shaker Ferry road, it, the said road, being then a public highway, it, the said grounds, being located in and near to a village known as High Bridge, and at and near to divers dwelling houses of various persons residing in said village, and on and near said highway, thereby disturbing the peace and happiness, comfort and pleasure of persons residing in said village and at, on and near said highway. To the common nuisance of all the citizens of the Commonwealth of Kentucky, and especially those residing in said neighborhood and

living in said village and along said highway and· passing, repassing along said highway. It, the said Cincinnati, New Orleans & Texas Pacific Railroad Company, being then a corporation duly incorporated under the laws of the State of Kentucky, and some other State of the United States of America, the exact State being unknown to this Grand Jury, and owning and operating a railroad in and through said county, and owning lands and rights of way in and through the said village of High Bridge, against the peace and dignity of the Commonwealth of Kentucky.''

The trial court sustained a demurrer to the indictment, and the Commonwealth appeals.

Counsel for appellee insists that the allegations of the indictment are not sufficient in that the acts complained of are not alleged to have taken place within the sight or hearing of those passing or repassing appellee's premises, or living in the vicinity thereof. In this connection we are cited to authority holding that an allegation in an indictment that certain facts were to the common nuisance of all good citizens of the State will not make it a good indictment for a common nuisance unless these facts be of such a nature as may justify that conclusion as one of law as well of fact.'' Wharton's Am. Crim. Law, 4th Ed. section 2362. Perhaps there would be some merit in counsel's contention if the acts complained of were unaccompanied by any other allegation than that they were to the common nuisance of all good citizens of the State, &c. The indictment under consideration, however, not only charged the appellee with conveying to its premises and permitting to assemble there large numbers of persons who engaged in dancing, drinking, tippling, swearing, being drunk, making

loud noises and otherwise misbehaving, but also charged that the grounds were "on and near a public highway, commonly known as the Shaker Ferry road * * * and being located in and near to a village known as High Bridge, and at and near to divers dwelling houses of various persons residing in said village, and on and near said highway." It further charged that the acts complained of disturbed the "peace, happiness, comfort and pleasure of persons residing in said village, and at, on and near said highway." We think the latter allegation sufficient to overcome the failure to allege that the acts were committed in the presence or hearing of the various persons residing in or near said village.

While it is true that dancing is frequently an innocent amusement and drinking may be engaged in without becoming a nuisance, yet if the dancing and drinking are accompanied by swearing and being drunk, making loud noises and otherwise misbehaving, there can be no doubt that such acts will constitute a nuisance.

In the case of Rex v. Moore, B. & Ad. 184, the defendant kept an inclosed lot near a highway for the purpose of allowing persons to practice at rifle-shooting, by shooting at marks and at pigeons; and as a consequence large numbers of people frequented the place for those purposes, many of whom were idle and disorderly persons, armed with fire-arms, and by their noise and conduct disturbed the king's subjects, and put them in peril. It was held that he was chargeable for a nuisance. In the case of Inchbald v. Robinson, L. R. 4 ch. 388, it was held that a noise made by a disorderly crowd at a place of public amusement may be a nuisance. In the Am. & Eng. Ency. of Law, vol. 21, p. 698, it is said: "The noise

arising from the exercise of lawful amusement may be a nuisance when it materially interferes with the comfort of those in the vicinity.'' And this court, in the case of Jung Brewing Co. v. Commonwealth, 29 Ky. Law Rep. 939, held that a corporation though having a license to sell whiskey by wholesale or even by retail, in a small town, has no right to allow the assembling around its premises of noisy, drunken, boisterous crowds, whose insolence and profanity make the use of the highway in the neighborhood always unpleasant and sometimes dangerous, and may be indicted for maintaining a public nuisance on its premises.

In our opinion, the indictment herein sufficiently states a public offense, and the trial court erred in sustaining a demurrer thereto.

For the reasons given, the judgment is reversed, and cause remanded with directions to overrule appellee's demurrer to the indictment.