TERRITORY *v.* SHUJI FUJIWARA AND
MRS. SHUJI FUJIWARA.

No. 2166.

SUBMITTED APRIL 9, 1935.                DECIDED MAY 3, 1935.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The defendants-appellants were found guilty by the circuit judge of the first judicial circuit, sitting without a jury, of maintaining a public nuisance, a misdemeanor defined in section 4413, R. L. 1925, and a fine of fifteen dollars each was imposed upon them. Appellants now come to this court on a bill of exceptions.

Appellants, during November, 1933, and for some months prior thereto, were the proprietors of the Shunshoro Teahouse, situated at 2101 Aulii Street, Honolulu. The gravamen of the charge is that they permitted "disturbing noises," "loud talking," "yelling and hollering"

during the hours of the night of November 22, 1933, and the early morning hours of the day following, at the teahouse; that such noises, etc., were contrary to the provisions of the above statute and were annoying, vexatious and plainly hurtful to the public. From the evidence it appears that the vicinity of the teahouse is a thickly settled community and a large number of persons residing in close proximity to the teahouse testified in behalf of the prosecution to the effect that during the night in question and on frequent occasions during several months prior to that time they had been disturbed by nocturnal disturbances and noises issuing from the teahouse sometimes continuing into the later hours of the night. It appears that these disturbances were caused by the patrons of the teahouse and although people living in the vicinity on a number of occasions lodged protests with the proprietors and at other times summoned the police to suppress the revelry, the appellants did nothing to abate the nuisance. The numerous neighbors of the appellants appearing as witnesses for the prosecution described the noises as "singing like a bunch of drunks," "shouting" and "screaming" and as other similar outbursts of hilarity which often prevented the neighbors from sleeping until the night was far advanced.

One of the main contentions of the appellants is that the most that can be said of the charge against them is that if any nuisance at all existed it was not a public nuisance but was of a private nature, subject merely to abatement or recovery of damages in a civil proceeding. Nuisances are classified as to the scope of their injurious effect into public nuisances and private nuisances, or sometimes as both private and public. The latter are sometimes called mixed nuisances. A nuisance is common or public where it affects the rights enjoyed by citizens as a part of the public, that is, the rights to which every citizen is entitled.

A private nuisance is one that affects a single individual or a determinate number of persons in the enjoyment of some private right not common to the public. Mixed nuisances are those which are public and which at the same time cause special damages to private individuals. Public nuisances are indictable while private nuisances are actionable merely. In the present case if the witnesses called for the prosecution are to be believed the appellants maintained a public nuisance denounced by the criminal statute and were guilty of a violation of the statute under which they were tried. Section 4414, R. L. 1925, provides in part: "Whether the act or thing is really so hurtful or prejudicial to others as to render it a common nuisance, is a question of fact to be determined by the jury, court or magistrate called to pass upon the same." (See also *The King* v. *Nawahine,* 3 Haw. 371; *Magoon* v. *Lord-Young Engineering Co.,* 22 Haw. 327.) In *Commonwealth* v. *Cincinnati, etc., R. Co.,* 112 S. W. 613, the court said: "While it is true that dancing is frequently an innocent amusement, and drinking may be engaged in without becoming a nuisance, yet if the dancing and drinking are accompanied by swearing and being drunk, making loud noises, and otherwise misbehaving, there can be no doubt that such acts will constitute a nuisance."

Counsel for appellants also urges that because the nuisance complained of occurred during a single night, that is to say, the night of November 22d and the early morning of the following day, this was a single act or occurrence and could under no circumstances constitute a nuisance because that term contemplates a continuing or recurring disturbance. Such is not the law, either in this jurisdiction or elsewhere. In *State* v. *Toole,* 11 S. E. 168, the court said: "The nuisance complained of, in effect, is the loud and boisterous singing for 10 minutes of an obscene song, containing the stanza charged, on a public street,

in the hearing of divers persons then and there present. This, though done only on a single occasion, may be a nuisance." And in *State* v. *Waymire*, 97 Pac. 46, the opinion of the court contained the following significant language: "The authorities cited show that the crime need not be a continuous one, but may consist of a single act." (See also *The King* v. *Nawahine, supra; Territory* v. *Martin*, 14 Haw. 304.) It may be said, however, that the evidence established the fact that the disturbances at appellants' teahouse were of frequent occurrence for some weeks prior to the night of November 22d.

Counsel for appellants further contends that the court should not have rejected the testimony of the witnesses called by the appellants. This he refers to as arbitrary rejection of evidence. Ten witnesses testified for the appellants while thirteen witnesses were called by the prosecution. The judge, by consent of the parties, tried the case without the intervention of a jury. He therefore became the judge not only of the issues of law but of those of fact involved in the case. It was his right, as it would have been that of a jury had there been one, to give credence to the evidence which commended itself to his judgment and his acceptance of the evidence of thirteen unimpeached witnesses was clearly his right as it was also his right to disbelieve the testimony of the witnesses who gave evidence in behalf of the appellants.

The conviction of appellants is amply supported by both the law and the evidence and we can find no error in the record of which appellants may justly complain. Appellants' exceptions having had due consideration are found to be without merit and are therefore overruled.

*J. C. Kelley*, Public Prosecutor, and *E. N. Sylva*, Assistant Public Prosecutor, for the Territory.

*E. J. Botts* for defendants.