2010 WY 127

**Ricky L. DOUGHERTY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–10–0016.

Supreme Court of Wyoming.

Sept. 21, 2010.

Representing Appellant: Diane Lozano, State Public Defender, PDP; Tina Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General. Argument by Mr. Smith.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] Ricky L. Dougherty challenges his conviction for child endangerment. He claims Wyo. Stat. Ann. § 6–4–403(b)(iii) (LexisNexis 2009), which makes it a crime to knowingly "[c]ommit any indecent or obscene act in the presence of a child," is unconstitutionally vague. Mr. Dougherty also asserts that the district court improperly instructed the jury.

[¶ 2] We conclude the statute is sufficiently definite and the jury instructions were not erroneous. Consequently, we affirm.

## ISSUES

[¶ 3] Mr. Dougherty and the State present identical issues on appeal:

 I. Is W.S. § 6–4–403(b)(iii) unconstitutionally vague?

 II. Was the jury properly instructed?

## FACTS

[¶ 4] On February 20, 2008, the retail investigator/loss prevention manager for King Soopers grocery store in Cheyenne was monitoring the store's security camera system and observed a man walking around the store masturbating. As he continued to watch, the investigator noticed that the man's attention seemed to be focused on a little girl who was shopping with her family. The man continued to follow the child and her family around the store while manipulating his genitals. The investigator contacted law enforcement and they identified the man as Mr. Dougherty.

[¶ 5] The State charged Mr. Dougherty with endangering the child by committing an indecent or obscene act, i.e., masturbation, in her presence in violation of § 6–4–403(b)(iii). The charge was a felony pursuant to § 6–4–403(c) because he had previously been convicted of the same crime. After numerous procedural moves, including a failed plea agreement, the matter was finally tried in August 2009. The jury returned a guilty verdict, and the district court sentenced Mr. Dougherty to serve four to five years in prison. He filed a timely notice of appeal.

## DISCUSSION

### A. Constitutionality of the Statute

[¶ 6] Mr. Dougherty argues that § 6–4–403(b)(iii) is unconstitutionally vague both on its face and as applied to him. Constitutional challenges are reviewed *de novo*. *Teniente v. State*, 2007 WY 165, ¶ 83, 169 P.3d 512, 536 (Wyo.2007); *Rabuck v. State*, 2006 WY 25, ¶ 13, 129 P.3d 861, 864 (Wyo. 2006); *Giles v. State*, 2004 WY 101, ¶ 10, 96 P.3d 1027, 1030 (Wyo.2004). Our review, however, starts with the presumption that the statute is constitutional. *Teniente*, ¶ 83, 169 P.3d at 536; *Giles*, ¶ 10, 96 P.3d at 1030.

#### 1. Facial Challenge

[¶ 7] The United States and Wyoming constitutions prohibit the promulgation of vague or uncertain statutes. *Rabuck*, ¶ 14, 129 P.3d at 864. In general,

> [a] statute violates due process under the Fifth and Fourteenth Amendments of the United States Constitution on vagueness grounds and is void if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute, and violates equal protection if it encourages arbitrary and erratic arrests and convictions.

*Moe v. State*, 2005 WY 58, ¶ 9, 110 P.3d 1206, 1210 (Wyo.2005) (internal citations omitted). A statute is subject to a facial constitutional challenge in only two circumstances: 1) when the statute affects a substantial amount of constitutionally protected conduct; or 2) when the statute provides no standard of conduct at all. *Id. See also, Teniente*, ¶ 86, 169 P.3d at 536.

[¶ 8] Mr. Dougherty does not contend that § 6–4–403(b)(iii), which prohibits a person from knowingly committing "any indecent or obscene act in the presence of a child," reaches a substantial amount of constitutionally protected conduct. Consequent-

---

* Chief Justice at time of oral argument.

ly, we must decide whether the statute provides a standard of conduct.

[¶ 9] Mr. Dougherty claims that the meaning of the words "indecent" and "obscene" is uncertain and unconstitutionally leaves the determination of what acts fall within the purview of the statute to the police, prosecutor and jury without providing them any legally fixed standard. He directs us to *Reno v. American Civil Liberties Union*, 521 U.S. 844, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997), and other similar cases, including *United States v. Williams*, 553 U.S. 285, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) and *Holder v. Humanitarian Law Project*, —— U.S. ——, 130 S.Ct. 2705, 177 L.Ed.2d 355 (2010), in support of his assertion that the statute is unconstitutionally vague. In *Reno*, 521 U.S. at 874, 117 S.Ct. at 2346, the United States Supreme Court determined that the Communications Decency Act, 47 U.S.C. § 223(a), was overbroad because it criminalized a substantial amount of constitutionally protected expression when it prohibited the "knowing" transmission of "obscene or indecent" messages to any recipient under the age of eighteen. That decision does not, however, govern this case because it was decided on the basis of the First Amendment and the statute reached a substantial amount of constitutionally protected speech.

[¶ 10] Mr. Dougherty also argues that the statute is unconstitutional on its face because it may apply criminal sanctions to activities that, while socially unacceptable, are not criminal. For example, he claims that activities such as nose picking and public displays of affection could fall within the purview of the statute. We have stated that providing examples of instances where application of the statutory language may be vague or uncertain is insufficient to establish the unconstitutionality of the statute. Instead, the challenger must " 'demonstrate that the law is impermissibly vague *in all of its applications.*' " *Teniente*, ¶ 86, 169 P.3d at 536, quoting *Alcalde v. State*, 2003 WY 99, ¶ 15, 74 P.3d 1253, 1260–61 (Wyo.2003) (emphasis in original).

[¶ 11] In analyzing the constitutionality of § 6–4–403(b)(iii), we look to cases addressing similar statutory language. *See Giles*, ¶ 13, 96 P.3d at 1031. We consistently rejected facial challenges to the constitutionality of the indecent liberties statute, Wyo. Stat. Ann. § 14–3–105,[1] which prohibited "knowingly taking immodest, immoral or indecent liberties with any child." *See, e.g., Ochoa v. State*, 848 P.2d 1359, 1363 (Wyo.1993); *Griego v. State*, 761 P.2d 973, 975–76 (Wyo.1988); *Sorenson v. State*, 604 P.2d 1031, 1034–35 (Wyo.1979). We ruled that, although the definitions of the words immodest, immoral and indecent are somewhat uncertain, when read in context, the statute provides sufficient notice of what conduct is forbidden. *Sorenson*, 604 P.2d at 1035, quoted, with approval, the comments of the Colorado Supreme Court when considering the constitutionality of a similar statute:

> " * * * * when we take into consideration that the purpose of the act was to protect the morals of the child, that the Legislature employed apt words to describe the offense, because it is evident that the acts constituting the offense mean such as the common sense of society would regard as indecent and improper. *People v. Hicks*, 98 Mich. 86, 56 N.W. 1102. True, what shall be regarded as 'immodest, immoral and indecent liberties' is not specified with particularity, but that is not necessary. The indelicacy of the subject forbids it. The common sense of the community, as well as the sense of decency, propriety, and morality which people generally entertain, is sufficient to apply the statute to each particular case, and point out unmistakably what particular conduct is rendered criminal by it. *State v. Millard*, 18 Vt. 574, 46 Am.Dec. 170. * * * * " *Dekelt v. People*, 44 Colo. 525, 99 P. 330, 331–332 (1909)

[¶ 12] The definition of "indecent" approved in *Sorenson*, 604 P.2d at 1034 n. 3, states: 1. " 'not decent * * * * b: not conforming to generally accepted standards of morality: tending toward or being in fact something generally viewed as morally indelicate or improper or offensive: being or

---

**1.** Section 14–3–105 was repealed by 2007 Wyo. Sess. Laws 159.

tending to be obscene.' " "Obscene" is often recognized to be synonymous to "indecent," i.e., "not conforming to generally accepted standards of morality; tending toward or being in fact something generally viewed as morally indelicate or improper." *Webster's Third New Int'l Dictionary* 1147 (2002). *Black's Law Dictionary* 1182 (9th ed.2009) defines "obscene" as "[e]xtremely offensive under contemporary community standards of morality and decency; grossly repugnant to the generally accepted notions of what is appropriate." Thus, while the statutory terms "indecent" and "obscene" are somewhat imprecise, they are generally regarded as synonymous and "indecent" has been defined in prior cases, thereby providing the ordinary citizen with notice of the types of conduct that are prohibited. *Griego*, 761 P.2d at 976 (indicating that interpretation of statutory language in other cases provides notice to citizens of what conduct is prohibited).

[¶ 13] The context of the words provides a further level of specificity. The statute criminalizes indecent or obscene acts, thereby requiring a positive action by the defendant. It does not reach any constitutionally protected forms of expression. The mental element requires that the action be taken "knowingly," or " 'with awareness, deliberateness, or intention' as distinguished from inadvertently or involuntarily." *Butz v. State*, 2007 WY 152, ¶ 20, 167 P.3d 650, 655 (Wyo. 2007), quoting *Webster's Third New Int'l Dictionary* 1252 (2002), overruled on other grounds, *Granzer v. State*, 2008 WY 118, 193 P.3d 266 (Wyo.2008). *See also, Williams*, 553 U.S. at 306–07, 128 S.Ct. at 1846 (suggesting that by including the scienter requirement of "knowingly," Congress narrowed the application of the statute). Also, the statute is specific in that it only criminalizes indecent or obscene acts in the "presence of a child." Child is defined as a person under the age of sixteen. Section 6–4–403(d). Thus, the determination of what is obscene or indecent is made in the context of the presence of a person of the tender age of fifteen years or under.

[¶ 14] Although Mr. Dougherty identifies acts that could be criminalized under the

statute, i.e., nose picking or public displays of affection, we do not believe that a jury would find such actions to be morally improper or depraved. We are confident that juries will use their common sense to appropriately apply the statutory language to the particular facts presented in each case. *See Sorenson*, 604 P.2d at 1035. Given the statute cannot be said to provide "no standard at all," it is not unconstitutional on its face.

### 2. *"As Applied" Challenge*

[¶ 15] Mr. Dougherty also presents an "as applied" challenge to the statute. When "a statute is challenged on an 'as applied' basis, the court examines the statute solely in light of the complainant's specific conduct." *Giles*, ¶ 15 n. 2, 96 P.3d at 1031 n. 2. *See also, Rabuck*, ¶ 16, 129 P.3d at 865. We accept the State's evidence as true, giving it all favorable inferences. *Id.*, ¶ 13, 129 P.3d at 864.

[¶ 16] Mr. Dougherty's defense was that he was not masturbating but only touching his genitals over his clothing. He argues the statute is unconstitutionally vague as applied to him because the jury could have accepted his version of the facts, i.e., that he was not masturbating, and still convicted him of the crime. Mr. Dougherty's argument ignores the relevant standard of review which requires us to accept the State's view of the facts and give them all favorable inferences. Utilizing that standard, we accept that Mr. Dougherty was masturbating in the presence of a little girl. The trial evidence established that the girl was eight years old at the time of the incident, making her a child within the meaning of the statute. Moreover, we have recognized that masturbation in the presence of a child is "indecent" under the indecent liberties statute. *See, e.g., Schmidt v. State*, 2001 WY 73, ¶ 28, 29 P.3d 76, 84 (Wyo.2001). Section 6–4–403(b)(iii) is not vague as applied to Mr. Dougherty's conduct.

### B. *Variance/Constructive Amendment*

[¶ 17] Although Mr. Dougherty includes this argument with other complaints about the jury instructions, his first point of error implicates broad constitutional rights;

consequently, we will address it separately. He claims that there was a fatal variance between the information and the jury instructions and/or a constructive amendment to the charge at trial. A variance is demonstrated when "the evidence presented at trial proves facts different from those alleged in the information or indictment." Reversal is not required, however, unless the defendant "could not have anticipated from the indictment or information what evidence would be admitted at trial, or the conviction would not bar subsequent prosecution." *Spagner v. State*, 2009 WY 12, ¶ 15, 200 P.3d 793, 800 (Wyo.2009). Because the question of whether there was a variance between the charge and the crime proven at trial implicates constitutional notice requirements, our review is *de novo*. *Id.*, ¶ 14, 200 P.3d at 800.

 [¶ 18] Although this Court has not specifically discussed the related issue of "constructive amendment," the concept is well defined in federal law. A constructive amendment occurs when the evidence presented at trial, together with the jury instructions, alter the charge so much that the defendant is convicted of a different crime than was charged. *See, e.g., United States v. Farr*, 536 F.3d 1174, 1180 (10th Cir.2008); *United States v. Cruz–Rodriguez*, 570 F.3d 1179, 1182 (10th Cir.2009).

> To constitute a constructive amendment, the district court proceedings must modify an essential element of the offense or raise the possibility that the defendant was convicted of an offense other than that charged in the indictment. Where an indictment properly pleads violation of a statute, and the defendant was not misled about the nature of the charges, his substantive rights are not prejudiced.

*Id.* at 1182.

 [¶ 19] The amended information charged Mr. Dougherty as follows:

1. On or about the 20th day of February, 2008;
2. In the County of Laramie and the State of Wyoming;
3. RICKY L[.] DOUGHERTY;
4. Did unlawfully and knowingly commit an[ ] indecent or obscene act in the

presence of a child, to wit: did masturbate in the presence of H.C. (DOB * */* */* * * *), in violation of W.S. § 6–4–403(b)(iii), 2003 Lexis.

The jury was instructed on the elements of the crime as follows:

> The elements of the crime of Endangering a Child by an Obscene or Indecent Act, as charged in this case, are:
> 1. On or about the 20th day of February, 2008;
> 2. In Laramie County, Wyoming;
> 3. The Defendant, **RICKY L. DOUGHERTY**;
> 4. Knowingly committed an obscene or indecent act;
> 5. In the presence of a child under the age of 16 years.

[¶ 20] The information contained the details of the charged crime, i.e., masturbating in the presence of H.C., while the jury instruction did not. However, the State's theory of the case remained consistent throughout the legal proceedings and the evidence presented at trial precisely tracked the information in terms of the victim and the nature of the criminal activity. Mr. Dougherty had sufficient notice of the charges and the facts which would be presented at trial. He was not subjected to an unconstitutional variance.

 [¶ 21] Mr. Dougherty claims that, by failing to provide the particulars to the jury in the instructions, the charge was constructively amended. He points to federal cases which state that, if the charging document includes particulars, the jury instructions and the evidence introduced at trial must comport with those particulars. *See, e.g., United States v. Bishop*, 469 F.3d 896, 902 (10th Cir.2006), abrogated in part on other grounds by *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *Cruz–Rodriguez*, 570 F.3d at 1181–82. In *Bishop*, the Tenth Circuit Court of Appeals ruled that a constructive amendment to the charge occurred when the indictment charged the defendant with unlawful possession of a 9 mm pistol, but during the trial the state introduced evidence that he unlawfully possessed a .38 caliber bullet and the jury was instructed that it could find him guilty if

it concluded that he possessed either the pistol or the bullet. *Bishop,* 469 F.3d at 900, 902–03.

[¶ 22] *Bishop* demonstrates that changing the particulars of a charge may result in a constructive amendment; however, the reasoning is not applicable to the case at bar. The information in the present case specifically indicated that the indecent or obscene act was masturbating in the presence of a specific child, H.C., while the jury instruction did not contain those particulars. Nevertheless, unlike in *Bishop,* the evidence presented at trial did not differ from that included in the information.

[¶ 23] The jury was instructed to determine whether Mr. Dougherty's conduct was indecent or obscene. There was no possible alternative offense at issue in the trial and, therefore, no possibility that he was convicted of an offense not included in the charging document. Mr. Dougherty certainly cannot claim that he was misled by the nature of the charge or surprised by the evidence presented at trial. We, therefore, reject his claim that he was subjected to an unconstitutional variance or constructive amendment of the information.

### C. Jury Instructions

[¶ 24] Mr. Dougherty did not present to the district court the objections to the instructions that he raises on appeal; consequently, our review is limited to a search for plain error. In order to demonstrate plain error, he "must show a clear and unequivocal rule of law was violated, the violation clearly appears in the record, and it denied him a substantial right to his material prejudice." *Creecy v. State,* 2009 WY 89, ¶ 17, 210 P.3d 1089, 1093 (Wyo.2009). We also apply the following standards to claims of errors in jury instructions:

When reviewing questions involving jury instructions, we afford the trial court significant deference. Jury "[i]n-

structions must be considered as a whole, and individual instructions, or parts of them, should not be singled out and considered in isolation." We confine our review to a "search for prejudicial error." "[A]s long as the instructions correctly state the law and the entire charge covers the relevant issue, reversible error will not be found."

*Id.,* ¶ 18, 210 P.3d at 1093 (citations omitted). *See also, Snow v. State,* 2009 WY 117, 216 P.3d 505 (Wyo.2009).

*Dawes v. State,* 2010 WY 113, ¶ 30, 236 P.3d 303, 310 (Wyo.2010).

[¶ 25] Mr. Dougherty contends that the district court erred in defining "obscene or indecent act" in Instruction No. 11, as follows:

An "obscene" or "indecent" act means an act which is not decent; not conforming to generally accepted standards of morality; tending toward or being in fact something generally viewed as morally indelicate or improper or offensive; or calculated to shock the moral sense of man by a disregard of chastity or modesty.

[¶ 26] Given the record clearly reflects this instruction, we turn to the determination of whether the district court violated a clear and unequivocal rule of law. Mr. Dougherty claims that the definition given to the jury in this case was overly broad because it did not specify that the conduct must be related to sexual matters. The statute does not require that level of specificity; it simply uses the terms indecent and obscene. In this case, the district court provided the jury with the definition of "indecent" approved in *Sorenson* and *Giles* and added a clause consistent with the general definitions of "obscene." Mr. Dougherty points out that the definition of "obscene" from other statutes, e.g., Wyo. Stat. Ann. § 6–4–301(a)(iii) (LexisNexis 2009),[2] indicates that the term pertains to sexual matters. Nevertheless, he offers no authority to support his assertion that the

---

2. Section 6–4–301(a)(iii) states:
(iii) "Obscene" is material which the average person would find:
(A) Applying contemporary community standards, taken as a whole, appeals to the prurient interest;

(B) Applying contemporary community standards, depicts or describes sexual conduct in a patently offensive way; and
(C) Taken as a whole, lacks serious literary, artistic, political or scientific value.

district court should have instructed the jury that the act had to be sexual in nature under the statute at issue here. Mr. Dougherty has failed to establish that the district court violated a clear and unequivocal rule of law by so instructing the jury.

 [¶ 27] Moreover, we fail to see how Mr. Dougherty was prejudiced by the district court's instruction. The act which was alleged by the State as being indecent and obscene was of a sexual nature, i.e., masturbating in the presence of a child. Mr. Dougherty certainly would not have had a better chance of acquittal if the definitional instruction had focused on sexual conduct.

 [¶ 28] In Mr. Dougherty's final point of error, he claims that the district court erred by failing to provide a special verdict form to the jury, requiring them to determine whether he committed an "indecent" act **or** an "obscene" act. First, we note that the definitional instruction indicated that the two terms are synonymous, a position that is confirmed by the dictionary definitions. Although under our rules of statutory interpretation we attempt to give effect to each word, *see, e.g., Nish v. Schaefer*, 2006 WY 85, ¶ 8, 138 P.3d 1134, 1138 (Wyo.2006), there are instances when it is clear that the legislature was simply providing synonymous terms in a statute. An example of this is when a statute prohibits a certain act committed "knowingly and willfully." We have construed those two terms as a single element, recognizing the terms "knowingly and willfully" are synonymous. *Butz*, ¶¶ 20–21, 167 P.3d at 655–56. Mr. Dougherty has not established that, under the circumstances of this case, the district court violated a clear and unequivocal rule of law by treating the terms "obscene or indecent" as a single element and not providing a special verdict form to force the jury to choose between the alternatives.

 [¶ 29] Even if a special verdict form should have been used, we can still uphold a conviction if there is sufficient evidence of each alternative. *Masias v. State*, 2010 WY 81, ¶ 10, 233 P.3d 944, 948 (Wyo. 2010), citing *Bush v. State*, 908 P.2d 963, 966 (Wyo.1995) (holding "[t]he verdict must be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected.") and *Tanner v. State*, 2002 WY 170, ¶ 8, 57 P.3d 1242, 1244 (Wyo.2002). In this case, there was sufficient evidence to support a finding that Mr. Dougherty's conduct was both indecent and obscene. The video tape from King Soopers' surveillance cameras showed Mr. Dougherty following the child around the store while manipulating his genitals for an extended period of time. At one point he attempted to put his hand down his pants, and later he walked between the girl and her parents. This conduct is both indecent, i.e., "not conforming to generally accepted standards of morality: tending toward or being in fact something generally viewed as morally indelicate or improper or offensive" and obscene, i.e., "offensive to morality or decency; indecent; depraved;" "calculated to shock the moral sense of man by a disregard of chastity or modesty."

[¶ 30] Affirmed.

VOIGT, Justice, specially concurring, in which HILL, Justice, joins.

[¶ 31] I agree with the majority of the Court that we have previously found statutory language such as that at issue here to be constitutional, so I concur out of respect for the doctrine of *stare decisis*. I write separately only to voice my continued difficulty with a criminal statute that is so broadly drawn. *See Giles v. State*, 2004 WY 101, ¶¶ 49–59, 96 P.3d 1027, 1043–46 (Wyo.2004) (Voigt, J., specially concurring). The problem with such statutes is exemplified by the emphasized language below in a portion of the quotation from *Sorenson v. State*, 604 P.2d 1031, 1035 (Wyo.1979) contained in the majority opinion:

(Citations omitted; emphasis added.) It is not up to juries to be pointing out, after the fact, what conduct is criminal; that is a legislative task. That task must be performed with such specificity that juries are not left to decide for themselves whether an act should, or should not, be criminalized.