*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-220

NOVEMBER TERM, 2016

| | |
|---|---|
| In re Allen Rheaume | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 56-2-15 Frcv |
| | |
| | Trial Judge: Thomas Z. Carlson |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals a civil division order granting the State summary judgment in his post-conviction relief (PCR) proceeding. On appeal, petitioner argues that the court erred in concluding that "open" is not an element of lewd and lascivious conduct. We affirm.

In 2004, petitioner plead guilty to violating 13 V.S.A. § 2601, which proscribes "open and gross lewdness and lascivious behavior." The undisputed facts underlying his conviction are that petitioner pushed his way into the home of minor B.H., tried to touch her on the neck and breast, and then sat on the couch rubbing his exposed penis while he grabbed at B.H. and her friend. Petitioner filed a PCR petition alleging that "open" is an element of his offense and his conviction lacked proof of that element because the offense occurred in a private home and not a public place. The trial court granted summary judgment to the State, concluding that the offense did not include an element requiring occurrence in a public place. Petitioner appeals.

On appeal from an order granting summary judgment, this Court considers de novo whether there are disputed questions of material fact and whether either party is entitled to judgment as a matter of law. V.R.C.P. 56(a); see In re Barrows, 2007 VT 9, ¶ 5, 181 Vt. 283 (explaining that review of a summary judgment is de novo).

On appeal, petitioner alleges that a violation of 13 V.S.A. § 2601 contains an element of public behavior that was missing from the charging information. Petitioner relies in part on State v. Millard, 18 Vt. 574 (1846). That case does not support petitioner's position. It holds that lewdness is open when it is "undisguised, not concealed, and opposite to private, concealed, and unseen" and upheld a conviction where the defendant's exposure was to the victim alone and mostly within a house. Id. at 578. Since then, this Court has reaffirmed that the meaning of "open" in § 2601 means " 'undisguised, not concealed' and requires no more than one witness." State v. Benoit, 158 Vt. 359, 361 (1992) (quoting Millard, 18 Vt. at 578). Here, petitioner's action of exposing himself was undisguised and not concealed and therefore met the statutory "open" requirement.

Petitioner also contends that § 2601 requires that the behavior take place in a public place. We agree with the trial court that the law does not require that behavior occur in a public place to

be a violation of § 2601. Public is not included as a requirement in the statutory language. Moreover, as explained above, the use of "open" in the statute does not require that the conduct take place in a public place. In both Benoit and Millard, the behavior took place within a private house. State v. Beaudoin, 2008 VT 133, 158 Vt. 164, which petitioner relies upon, does not require a public element. It makes clear that conduct violates § 2601 when it is "neither disguised nor concealed and is witnessed by at least one person." Id. ¶ 37. The language in Beaudoin explaining that lewdness does not include conduct between consenting adults done in private does not mean that lewd behavior can be "open" only when done in a public setting.

Finally, there is no merit to petitioner's allegation that there were disputed questions of fact that precluded the grant of summary judgment. Petitioner's alleged factual disputes—that "open" means "in public" and that the State failed to adequately respond—are legal disputes, not disputed questions of material fact.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

2