# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 49

APRIL TERM, A.D. 2024

May 2, 2024

TRAVIS NO'MANA GONSALVES,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-23-0268

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*
Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Jeremy Meerkreebs, Assistant Appellate Counsel.

*Representing Appellee:*
Bridget L. Hill, Wyoming Attorney General, Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and \*KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this matter on March 27, 2024.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Following a jury trial, Travis No'Mana Gonsalves was convicted of sexual abuse of a minor in the second degree, sexual abuse of a minor in the third degree, and sexual exploitation of children.  On appeal, Mr. Gonsalves claims the State failed to present sufficient evidence for the jury to find he had the necessary intent to be convicted for sexual abuse of a minor.  We affirm.

### ISSUES

[¶2]    Mr. Gonsalves raises one issue which we rephrase as two:

    I.    Was there sufficient evidence of intent to support Mr. Gonsalves's conviction for sexual abuse of a minor in the second degree under Wyo. Stat. Ann. § 6-2-315(a)(iv) (2023)?

    II.    Was there sufficient evidence of intent to support Mr. Gonsalves's conviction for sexual abuse of a minor in the third degree under Wyo. Stat. Ann. § 6-2-316(a)(iv)?

### FACTS

[¶3]    Mr. Gonsalves, his wife, biological son AG, biological daughter KG, and his stepdaughter AA, lived in Casper.  In August 2021, when AA was fifteen years old, Mr. Gonsalves and his wife separated.  Later that month, all of Mr. Gonsalves's children visited him at a hotel and spent the night with him.  During the night, AG and KG slept on the floor with sleeping bags while AA shared the king-sized bed with Mr. Gonsalves.

[¶4]    Around three o'clock in the morning, AA was sleeping on her side when she felt Mr. Gonsalves move closer to her.  He pulled her closer and started caressing her back, stomach, and chest area over her bra.  He asked her to move closer.  AA then felt him breathing on her neck, move her hair, and place his legs between her legs.  She also felt his erect penis push up against her.  At this point, she told him to stop, which led to Mr. Gonsalves grunting and rolling back over to sleep.  The next morning, Mr. Gonsalves told her "he remembered everything that happened . . . at night, and that he was sorry."  Mr. Gonsalves later spoke to AG about the incident, stating he believed his wife would make up false allegations about the touching and that he "regretted" touching AA.

[¶5]    AA promptly told her mother, Mr. Gonsalves's wife, what occurred at the hotel.  Due to the stressful nature of the situation, AA did not want to report to the police at that time.  In April 2022, with the encouragement of a teacher, AA reported the incident to a school resource officer.  A detective with the Casper Police Department investigated the report and eventually obtained a warrant to search Mr. Gonsalves's electronic devices.

Another officer searched through his devices and found child pornography and pictures of AA in a bikini and a towel.

[¶6]   In August 2022, the State charged Mr. Gonsalves with sexual abuse of a minor in the second degree, sexual abuse of a minor in the third degree, sexual exploitation of children, and two counts of sexual abuse of a minor in the third degree for the "inappropriate photos and/or videos" of AA.  The district court held a two-day jury trial beginning in March 2023.  The State presented testimony and exhibits from several witnesses, including AA, the investigating officers, the school resource officer, Mr. Gonsalves's wife, and AG.  At the close of the State's evidence, Mr. Gonsalves moved for a judgment of acquittal which the court denied.  Mr. Gonsalves did not present evidence. The jury acquitted Mr. Gonsalves of the two counts of third-degree sexual abuse of a minor based on the photographs of AA but found Mr. Gonsalves guilty on the remaining counts.

[¶7]   The district court sentenced Mr. Gonsalves to two concurrent terms of incarceration for seven to ten years for the sexual abuse of a minor convictions, and one consecutive term of eight to ten years for the sexual exploitation of children conviction.  Mr. Gonsalves timely appealed the two sexual abuse of a minor convictions.

## STANDARD OF REVIEW

[¶8]   When this Court reviews the record for the sufficiency of the evidence:

> [w]e do not reweigh the evidence or reexamine the credibility of witnesses, but examine the evidence in the light most favorable to the State.  We examine and accept as true the evidence of the prosecution together with all logical and reasonable inferences to be drawn therefrom, leaving out entirely the evidence of the defendant in conflict therewith.  In other words, we simply determine whether any rational trier of fact could have found that the essential elements of a charged crime were proven beyond a reasonable doubt on the evidence presented.

*Morris v. State*, 2023 WY 4, ¶ 26, 523 P.3d 293, 298 (Wyo. 2023) (quoting *Bezold v. State*, 2021 WY 124, ¶ 11, 498 P.3d 73, 76 (Wyo. 2021)).

## DISCUSSION

### I. The State presented sufficient evidence that Mr. Gonsalves had the specific intent to engage in sexual contact with a minor.

[¶9]   Wyo. Stat Ann. § 6-2-315(a)(iv) states:

> (a) Except under circumstance constituting sexual abuse of a minor in the first degree as defined by W.S. 6-2-314, an actor commits the crime of sexual abuse of a minor in the second degree if:
>
> . . . .
>
> (iv) Being eighteen (18) years of age or older, the actor engages in sexual contact with a victim who is less than sixteen (16) years of age and the actor occupies a position of authority in relation to the victim.

"Sexual contact" requires "touching, **with the intention of sexual arousal, gratification or abuse**, of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or of the clothing covering the immediate area of the victim's or actor's intimate parts[.]" Wyo. Stat. Ann. § 6-2-301(a)(vi) (emphasis added). Therefore, the State must establish the defendant did more than merely touch the sexual or intimate parts of a minor but did so with "the intent of sexual arousal, gratification, or abuse." *Morris*, 2023 WY 4, ¶ 29, 523 P.3d at 299–300.

[¶10]   Mr. Gonsalves contends the State failed to present sufficient evidence he acted with "the intent of sexual arousal, gratification, or abuse" because no evidence proved (1) he was awake during the incident, (2) his nighttime erection demonstrated such intent, or (3) his apology was anything other than proof of an accidental touching. The jury clearly rejected any evidentiary inferences Mr. Gonsalves was sleeping or accidentally touched AA when it found him guilty. *See Smith v. State*, 2009 WY 2, ¶ 17, 199 P.3d 1052, 1058 (Wyo. 2009) ("When evidence is presented that is capable of producing conflicting inferences, the determination of which inference is proper should be left to the jury." (citation omitted)). Further, accepting the State's evidence as true, as we must, *Morris*, 2023 WY 4, ¶ 26, 523 P.3d at 298, and drawing all reasonable inferences from that evidence, the record contains sufficient evidence for the jury to conclude Mr. Gonsalves touched AA with the intent to be sexually aroused, gratified, or to abuse AA.

[¶11]   Direct evidence of intent is rare and, because "circumstantial evidence is most often the only proof available, [we have held that] intent may be proven by circumstantial evidence alone." *Id.* at ¶ 31, 523 P.3d at 299 (citation omitted); *Montee v. State*, 2013 WY

3

74, ¶ 21, 303 P.3d 362, 366 (Wyo. 2013) (citation omitted). In considering circumstantial evidence, "we look to a defendant's 'conduct and [the] circumstances of physical contact.'" *Morris*, 2023 WY 4, ¶ 31, 523 P.3d at 300 (citation omitted). AA testified at trial that while she and Mr. Gonsalves laid on the bed, he moved closer to her, asked her to move closer, and pulled her close enough so she felt his breath on her neck and his erect penis up against her. When Mr. Gonsalves reached under her shirt, caressed her chest area over her bra, and put his legs between her legs, AA told him to stop and he stopped. Mr. Gonsalves acknowledged the next morning he remembered everything that occurred and apologized. Another witness, AG, testified Mr. Gonsalves had stated he regretted touching AA. Taken together, and viewing the evidence in the light most favorable to the State, this evidence is sufficient for a reasonable juror to infer Mr. Gonsalves was awake during the incident and that he acted with "the intent of sexual arousal, gratification, or abuse." *See Armajo*, 2020 WY 153, ¶ 30, 478 P.3d at 193 (citations omitted); Wyo. Stat. Ann. § 6-2-301(a)(vi).

[¶12] Mr. Gonsalves also argues that because the State presented no evidence he attempted to hide from or be secretive about the touching—facts we have held support an inference of intent—the evidence is insufficient to convict him. *See, e.g.*, *Armajo*, 2020 WY 153, ¶ 30, 478 P.3d at 193 (finding an inference of intent based on repeated instances of sexual abuse and attempts to prevent the victim from reporting the conduct); *Morris*, 2023 WY 4, ¶ 34, 523 P.3d at 300 (finding an inference of intent based on the defendant lying or minimizing the nature of his sexual abuse of the victim); *Martinez v. State*, 2018 WY 147, ¶ 27, 432 P.3d 493, 500 (Wyo. 2018) (finding an inference of intent based on the defendant touching the victim alone in a bathroom and telling the victim to keep it a secret). We disagree and have clearly stated each case "must be evaluated on its own unique facts and circumstances." *Morris*, 2023 WY 4, ¶ 32, 523 P.3d at 300 (citing *Armajo*, 2020 WY 153, ¶ 28, 478 P.3d at 192–93). For the reasons stated above, the State's evidence was sufficient to demonstrate Mr. Gonsalves had the necessary intent to be convicted of sexual abuse of a minor in the second degree by engaging in sexual contact.

## II. *The State presented sufficient evidence that Mr. Gonsalves knowingly took immodest, immoral, or indecent liberties with a minor.*

[¶13] Wyo. Stat. Ann. § 6-2-316(a)(iv) states:

> (a) Except under circumstance constituting sexual abuse of a minor in the first or second degree as defined by W.S. 6-2-314 and 6-2-315, an actor commits the crime of sexual abuse of a minor in the third degree if:
>
> . . . .
>
> (iv) Being seventeen (17) years of age or older, the actor **knowingly takes immodest, immoral or indecent liberties**

4

with a victim who is less than seventeen (17) years of age and the victim is at least four (4) years younger than the actor.

(emphasis added).

[¶14]   Sexual abuse of a minor in the third degree under Wyo. Stat. Ann. § 6-2-316(a)(iv) "is a general intent crime because it includes the mental element 'knowingly.'" *See Barrett v. State*, 2022 WY 64, ¶ 36, 509 P.3d 940, 948 (Wyo. 2022) (citation omitted).  Because this element does not have a technical definition, its ordinary meaning applies. *Id.* (citation omitted).  We have described the ordinary meaning of "knowingly" as "with awareness, deliberateness, or intention as distinguished from inadvertently or involuntarily." *See, e.g.*, *id.* (citation omitted); *Reyes v. State*, 2022 WY 41, ¶ 25, 505 P.3d 1264, 1270 (Wyo. 2022) (quoting *Butz v. State*, 2007 WY 152, ¶ 20, 167 P.3d 650, 655 (Wyo. 2007)); *Dougherty v. State*, 2010 WY 127, ¶ 13, 239 P.3d 1176, 1181 (Wyo. 2010) (citations omitted).  "It means the defendant realized what [he] was doing and was aware of the nature of [his] conduct and did not act through ignorance, mistake, or accident." *Barrett*, 2022 WY 64, ¶ 36, 509 P.3d at 948 (citation omitted).  We have also said a jury may draw a reasonable inference of intent based on the defendant's voluntary conduct. *See Hopkins v. State*, 2019 WY 77, ¶¶ 9, 16, 445 P.3d 582, 586, 587 (Wyo. 2019) ("If done voluntarily, 'the inference thereupon arises that the defendant intended that which resulted.'" (citations omitted)).

[¶15] Mr. Gonsalves argues the State presented insufficient evidence to prove he knowingly took immodest, immoral or indecent liberties with AA.  He again claims he was sleeping at the time of the touching and that none of the other evidence showed he was awake.  However, we can again assume the jury rejected Mr. Gonsalves's proposed inferences, *Smith*, 2009 WY 2, ¶ 17, 199 P.3d at 1058, and we must treat the State's evidence as true while giving the State all favorable inferences. *Morris*, 2023 WY 4, ¶ 26, 523 P.3d at 298.  The jury could reasonably infer from the same evidence listed above, *supra* ¶ 11, that Mr. Gonsalves was awake and voluntarily took "immodest, immoral or indecent liberties with" AA.  Therefore, sufficient evidence existed for the jury to conclude beyond a reasonable doubt that Mr. Gonsalves acted knowingly.

## *CONCLUSION*

[¶16] The State presented sufficient evidence at trial to support Mr. Gonsalves's convictions for sexual abuse of a minor in the second degree and sexual abuse of a minor in the third degree.  Affirmed.