2008 WY 118

**Sally Jo GRANZER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–08–0010.

Supreme Court of Wyoming.

Oct. 8, 2008.

Representing Appellant: Diane M. Lozano, State Public Defender, PDP; Tina N. Kerin, Appellate Counsel; David E. Westling, Senior Appellate Counsel. Argument by Mr. Westling.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda Pojman, Assistant Attorney General; Jenny Lynn Craig, Assistant Attorney General. Argument by Ms. Craig.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] Sally Jo Granzer challenges her conviction for endangering a child by knowingly and willfully allowing her to enter and remain in a dwelling where Ms. Granzer knew methamphetamine was stored. She argues that the jury was not instructed properly on the "enter" element of the crime and that there was insufficient evidence that methamphetamine was stored in the dwelling. We conclude that Ms. Granzer is entitled to a new trial because the jury was instructed improperly and she was prejudiced by the improper instruction. The trial evidence on the "store" element was, however, sufficient. We reverse and remand for a new trial.

## ISSUES

[¶ 2] The issues for our decision in this case are:

1. Whether the trial court committed reversible error by omitting statutory language from the instruction on the elements of child endangerment.

2. Whether the State produced sufficient evidence to prove that methamphetamine was stored in Ms. Granzer's dwelling.

## FACTS

[¶ 3] Ms. Granzer lived in a trailer house in Campbell County, Wyoming. She rented a room in the trailer to Melissa Selfe, who had a two year old daughter, GL. GL did not live with Ms. Selfe all of the time, but she did occasionally stay with her.

[¶ 4] On October 10, 2006, investigators went to Ms. Granzer's home to investigate an allegation that she was involved with methamphetamine. Ms. Granzer, Ms. Selfe and GL were present when the investigators arrived. As they were searching, the investigators found numerous drug paraphernalia items, including three methamphetamine smoking pipes and a light bulb used to smoke the drug. All of the items contained methamphetamine residue. They also found two baggies with methamphetamine residue under the couch cushions and a baggie with a quantifiable amount of the drug between the cushion and arm rest of a recliner where Ms. Granzer was sitting during the search. One of the investigators believed that Ms. Granzer had removed the baggie from her pocket and attempted to secret it in the chair.

[¶ 5] Ms. Granzer was arrested and charged with endangerment of a child, GL, in violation of Wyo. Stat. Ann. § 6-4-405(a)(iii) (LexisNexis 2007). At the conclusion of the trial, the jury returned a guilty verdict. The district court entered judgment on the jury's

verdict and sentenced Ms. Granzer. She appealed.

## DISCUSSION

### 1. Jury Instructions

[¶ 6]  Ms. Granzer was convicted of child endangerment in violation of § 6–4–405(a)(iii). That statute states in pertinent part:

(a) ... [N]o person shall knowingly and willfully cause or permit any child to:

. . . .

(iii) **Enter and remain** in a room, dwelling or vehicle that the person knows is being used to manufacture or store methamphetamines, or the hazardous waste created by the manufacture of methamphetamines.

*Id.* (emphasis added). The jury was instructed on the elements of the crime as follows:

The necessary elements of the crime of Child Endangerment, as charged in this case, are:

1. On or about the 10th day of October, 2006;

2. In Campbell County, Wyoming;

3. The Defendant, Sally Jo Granzer;

4. Knowingly and willfully permitted;

5. A child (GL);

6. **To remain** in a dwelling;

7. That the Defendant knew was being used to store methamphetamine.

(emphasis added). It is readily apparent that the instructions omitted the "enter" element of the crime by simply instructing the jury that the State was required to prove that she permitted the child to "remain" in the dwelling. Ms. Granzer did not, however, offer an instruction containing the correct language or otherwise object to the jury instruction.

[¶ 7]  Before we address the error, we must determine the correct standard of review. Ms. Granzer suggests that the instructional error was fundamental, warranting automatic reversal. The State argues that in order to reverse, we must conclude that Ms. Granzer was prejudiced by the error.

[¶ 8]  We generally give significant deference to the trial court in instructing the jury:

"The trial judge is afforded latitude to tailor the instructions to the facts of the case, and reversible error will not be found as long as the instructions when viewed as a whole and in the context of the entire trial fairly and adequately cover the issues."

*Lapp v. State,* 2004 WY 142, ¶ 7, 100 P.3d 862, 864–65 (Wyo.2004), quoting *Wilson v. State,* 14 P.3d 912, 915 (Wyo.2000) (citations omitted).

[¶ 9]  Normally, in absence of a proper objection, we review a claim involving incorrect jury instructions using the plain error standard. *Butz v. State,* 2007 WY 152, ¶ 18, 167 P.3d 650, 655 (Wyo.2007); *Lapp,* ¶ 7, 100 P.3d at 864. Under the plain error standard, the appellant must show a clear and unequivocal rule of law was violated, the violation clearly appears in the record, and it resulted in denial of a substantial right to her material prejudice. *Butz,* ¶ 18, 167 P.3d at 655. *See also, Simmons v. State,* 2003 WY 84, ¶ 25, 72 P.3d 803, 812 (Wyo.2003). Thus, in the typical case, in order to justify reversal, the trial court's error in instructing the jury must be prejudicial. *Heywood v. State,* 2007 WY 149, ¶ 26, 170 P.3d 1227, 1234 (Wyo. 2007).

[¶ 10]  Nevertheless, we have also stated that the trial court commits a fundamental error, and reversal is required, when it fails to give an instruction on an essential element of a criminal offense. *Lapp,* ¶ 10, 100 P.3d at 865; *Reilly v. State,* 2002 WY 156, ¶ 20, 55 P.3d 1259, 1267 (Wyo.2002). Proper instructions on the elements of the crime are necessary because an accused in a criminal prosecution can only be convicted upon proof beyond a reasonable doubt of each element of the crime charged. *Id.* "The test of whether a jury has been properly instructed on the necessary elements of a crime is whether the instructions leave no doubt as to the circumstances under which the crime can be found to have been committed." *Lapp,* ¶ 10, 100 P.3d at 865, citing *Wheaton v. State,* 2003 WY 56, ¶ 20, 68 P.3d 1167, 1176 (Wyo.2003).

[¶ 11] Our precedent stating that an error in instructing the jury on the elements of the crime is fundamental suggests that once an error is established, reversal is warranted without regard to whether the error prejudiced the defendant. It appears that this statement of Wyoming law originated in *Vigil v. State*, 859 P.2d 659 (Wyo.1993). In that case, the trial court incorrectly instructed the jury on the elements of manslaughter pursuant to a superseded statute. The defense did not, however, object to the incorrect instruction. Ostensibly applying the plain error standard of review, we stated:

> There is no question as to what occurred at trial. The trial judge instructed the jury on the elements of the crime of involuntary manslaughter, but substituted the terms culpable neglect and criminal carelessness for recklessness. This amounts to an obvious transgression of the requirement that the trial judge must instruct the jury on the necessary elements of the crime charged. *Sanchez v. State*, 751 P.2d 1300, 1307 (Wyo.1988); *Horn v. State*, 554 P.2d 1141, 1143 (Wyo.1976).
>
> In addition, this instructional error adversely affected one of Vigil's substantial rights. Vigil, as the accused in a criminal prosecution, can only be convicted upon proof beyond a reasonable doubt of each element of the crime charged. *Stuebgen v. State*, 548 P.2d 870, 879 (Wyo.1976); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Clearly, the jury did not find that the State had proven that Vigil acted recklessly beyond a reasonable doubt because the jury was not instructed that recklessly was an element of involuntary manslaughter. Hence, Vigil's right, to only be convicted based on a finding of proof beyond a reasonable doubt of each element of the crime charged, was denied.
>
> Therefore, because the manslaughter instruction neglected to include an essential element of the crime for which Vigil was convicted, we hold that the trial court committed plain error. This court is certainly not alone in declaring the existence of plain error under these circumstances. The United States Court of Appeals for the Seventh Circuit indicated that "[s]tate and federal courts alike have long recognized that the failure to give any instruction on an essential element of a criminal offense is fundamental error, requiring reversal of the defendant's conviction." *Cole v. Young*, 817 F.2d 412, 423 (7th Cir.1987). *See also* 2 Charles Alan Wright, Federal Practice and Procedure: Criminal 2d § 487, at 723 (1982).

*Id.* at 662.

[¶ 12] *Vigil* cites a Seventh Circuit case, *Cole v. Young*, 817 F.2d 412 (7th Cir.1987), as authority that failing to instruct on an essential element of the crime is fundamental error. In that case, the defendant was convicted of mayhem under Wisconsin law, but the trial court neglected to instruct the jury on the essential element of great bodily harm. *Id.* at 423. The Seventh Circuit ruled that "the complete failure to give any jury instruction on an essential element of the offense charged, under circumstances indicating that the jury was not otherwise informed of the necessity of proof of the element, is a violation of due process" and, consequently, a fundamental error. *Id.* The Seventh Circuit declined, however, to rule on whether such error could ever be considered harmless, i.e. that the defendant was not prejudiced by the instructional error, because in that case it was sufficient "to hold that the omission of a great bodily harm instruction may have contributed to the verdict" and that the conviction must be reversed. *Id.* at 427. Thus, it is not completely clear what the scope of the "fundamental error" ruling was in *Cole*.

[¶ 13] Based on the statement of the law in *Vigil*, we have repeatedly stated that failure to give an instruction on an essential element of the crime is fundamental error. *See, e.g., Butz*, ¶ 18, 167 P.3d at 655; *Heywood*, ¶ 26, 170 P.3d at 1234; *Seymore v. State*, 2007 WY 32, ¶ 9, 152 P.3d 401, 404 (Wyo.2007); *Lapp*, ¶ 10, 100 P.3d at 865. Our case law does not, however, clearly explain what that means or the effect of a finding of "fundamental error." In *Miller v. State*, 904 P.2d 344, 349 (Wyo.1995), we stated:

> Failure to instruct properly on an element of a crime can be plain error. *Vigil*, 859 P.2d at 662. Failure to instruct prop-

erly on an element of a crime does not constitute plain error where that element is not contested at trial, or where evidence of the defendant's guilt is overwhelming. *People v. Cowden*, 735 P.2d 199, 202 (Colo. 1987). The omission of this definition was not plain error because the specific definition of unlawful was not a contested issue at trial. It was undisputed at trial that if the kidnapping had occurred, it would have been accomplished violently. Miller did not contend that his ex-wife and children would have left willingly. Because the omission of this statutory definition did not contribute to his conviction, Miller was not prejudiced.

[¶ 14] The *Miller* case indicates that even when the trial court erred by failing to instruct on an essential element of a crime, a defendant who did not object at trial still must show prejudice in order to warrant reversal of his conviction. On the other hand, there are also cases where this Court has reversed simply because the trial court failed to instruct on an essential element of the crime, without specifically inquiring into whether or not the defendant was prejudiced by the failure. *See, e.g., Reilly*, ¶¶ 18–20, 55 P.3d at 1266–67; *Gabbert v. State*, 2006 WY 108, ¶ 15, 141 P.3d 690, 696 (Wyo.2006); *Seymore*, ¶ 15, 152 P.3d at 406–07.

[¶ 15] *Vigil* was decided in 1993 and *Cole* was a 1987 case. Subsequent to those decisions, the United States Supreme Court has provided more definitive guidance on whether reversal is warranted any time the trial court fails to instruct the jury on an essential element of a crime. In *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the United States Supreme Court ruled that an error in failing to instruct the jury on an essential element of an offense is not part of the limited class of fundamental constitutional errors "so intrinsically harmful as to require automatic reversal (i.e. affect substantial rights) without regard to their effect on the outcome." *Id.* at 7, 119 S.Ct. 1827. *See also, Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003).

■ [¶ 16] In concluding that the failure to instruct on an element of an offense is not a fundamental constitutional error, the Supreme Court distinguished between structural errors and trial errors. Structural errors are defects affecting the framework within which the trial proceeds, rather than simply errors in the trial process itself. *Neder*, 527 U.S. at 8, 119 S.Ct. 1827, citing *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). The United States Supreme Court ruled that most instructional errors do not undermine the foundation of a criminal trial and, consequently, are not "fundamental" or "structural." *Id.* at 10–11, 119 S.Ct. 1827 (distinguishing *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) which held that a defective reasonable doubt instruction was not subject to harmless error analysis because it vitiated **all** of the jury's findings, i.e. it was a structural error). Being simple trial errors, instructional errors that are preserved at trial warrant analysis under the harmless constitutional error standard described in *Chapman v. California*, 386 U.S. 18, 23–24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Under *Chapman*, the reviewing court may disregard errors that are harmless beyond a reasonable doubt. *Id.*

[¶ 17] We recently employed the structural/trial error dichotomy in *Large v. State*, 2008 WY 22, ¶ 23, 177 P.3d 807, 814 (Wyo. 2008). In *Large*, we revisited long standing precedent which stated that it was error per se for a prosecutor to elicit a witness's opinion about the defendant's guilt and the defendant need not show prejudice in order to obtain a reversal of his conviction. Overruling our precedent, we decided that "[w]hile it may be error to admit an opinion of guilt, it is trial error rather than structural error.... Accordingly, we will no longer treat a prosecutor-elicited opinion of guilt as error per se." *Id.*, ¶ 30, 177 P.3d at 816. Because Ms. Large did not object to the trial testimony that she was guilty, we reviewed her claim under our typical plain error standard, which requires a showing of material prejudice. *Id.*, ¶ 31, 177 P.3d at 816–17.

■ [¶ 18] Based upon the federal cases and *Large*, we conclude that a trial court's failure to instruct on an element of a crime is not a structural or fundamental error, but

rather a trial error. Thus we will not apply an "error per se" type analysis to such claims of error. Instead, when, as in *Neder,* the defendant objected to the erroneous instructions at trial, the appellate court reviews the claim for harmless error. *See* W.R.Cr.P. 52(a).[1] The United States Supreme Court has directed that, in such cases, the government has the burden of proving the error was harmless beyond a reasonable doubt. *See, e.g., Chapman,* 386 U.S. at 24, 87 S.Ct. 824; *United States v. Benitez,* 542 U.S. 74, 81 n. 7, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

[¶ 19] However, when, like here and in *Large,* the defendant did not lodge an appropriate trial objection, the plain error standard of review applies. *See,* W.R.Cr.P. 52(b);[2] *United States v. Robertson,* 473 F.3d 1289, 1291 (10th Cir.2007). As we explained earlier, under the plain error standard, the appellant must show a clear and unequivocal rule of law was violated, the violation clearly appears in the record, and it resulted in denial of a substantial right to her material prejudice. *Butz,* ¶ 18, 167 P.3d at 655. *See also, Simmons,* ¶ 25, 72 P.3d at 812. In contrast to the situation where a proper trial objection is lodged, when error is not preserved, it is the appellant's obligation to establish that she was prejudiced. *Robertson,* 473 F.3d at 1292–93. *See also, United States v. Olano,* 507 U.S. 725, 734–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (applying F.R.Cr.P. 52(b)).

[¶ 20] The State concedes that the district court violated a clear and unequivocal rule of law by failing to instruct the jury, in accordance with § 6–4–405(a)(iii), that the prosecution was required to prove Ms. Granzer permitted GL to enter and remain in the dwelling. The second factor of the plain error test is also satisfied in this case because the instructional error clearly appears in the record.

[¶ 21] We now turn to the third element—whether the instructional error resulted in a denial of a substantial right to Ms. Granzer's material prejudice. As we noted in *Miller,* failure to instruct on an essential element is not reversible if the element was not contested or "where evidence of the defendant's guilt is overwhelming" because, under those circumstances, the defendant suffers no prejudice from the violation. *Miller,* 904 P.2d at 349. Ms. Selfe testified that the child's grandmother brought GL to her early that morning and Ms. Granzer did not arrive until later. Ms. Selfe stated that she did not talk to Ms. Granzer about GL coming to stay at the trailer because she had not seen Ms. Granzer for three days.

[¶ 22] The State argues that the jury could have rejected Ms. Selfe's testimony because she was a long time friend of Ms. Granzer's. If the jury disregarded Ms. Selfe's testimony then it could have inferred Ms. Granzer was at the trailer when the child arrived and, consequently, allowed her to enter the dwelling. Moreover, Ms. Granzer's children told one of the investigators that they had visited their mother at her residence on October 9, 2006, and played with GL. The children's statements were inconsistent with the implication from Ms. Selfe's testimony that Ms. Granzer, her children and GL were not at the trailer on October 9, 2006. Given the disputed evidence, Ms. Granzer was entitled to a jury determination on the "enter" element. She was, therefore, materially prejudiced by the instructional error and is entitled to a new trial.

### 2. Sufficiency of the Evidence

[¶ 23] Ms. Granzer argues that there was insufficient evidence that methamphetamine was stored in the trailer. Although we are reversing on the jury instruction issue, we must also consider this issue because, if the evidence was insufficient as a matter of law, Ms. Granzer is entitled to be acquitted on the charge and the State may not re-try her. *See e.g., Wease v. State,* 2007 WY 176, ¶ 30, 170 P.3d 94, 104 (Wyo.2007); *Dunsmore v. State,* 2007 WY 40, ¶ 21, 153 P.3d 275, 281 (Wyo.2007). In determining

---

**1.** Rule 52(a) states: "Harmless error.—Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

**2.** Rule 52(b) states: "Plain error.—Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

whether there was sufficient trial evidence to sustain a conviction, we apply the following standard of review:

> When reviewing the sufficiency of the evidence, this Court accepts as true the State's evidence and affords it those inferences which may be reasonably and fairly drawn from it. *Jones v. State,* 2006 WY 40, ¶ 9, 132 P.3d 162, 165 (Wyo.2006). We do not consider conflicting evidence or inferences that can be drawn from such evidence. *Id.* Our duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did. *Id.*

*Kelly v. State,* 2007 WY 45, ¶ 11, 153 P.3d 926, 928 (Wyo.2007).

[¶ 24] Both parties use the definition of "store" found in the Merriam–Webster Dictionary: "Store: to place or leave in a location ... for preservation or later use or disposal." *http://www.merriam-webster.com/dictionary/store.* Ms. Granzer claims that, because the only measurable amount of methamphetamine was in the bag from her pocket which she attempted to hide between the armrest and cushion of the recliner, there is no evidence that methamphetamine was "stored" in the trailer. She claims that the evidence established that the methamphetamine located in the house was obviously for her use, not storage.

[¶ 25] We are not persuaded by Ms. Granzer's argument. In fact, the argument proves exactly what it tries to dispute. When she tried to hide the bag of methamphetamine in the recliner, she was, without question, placing it in a location for preservation or later use. Moreover, the other physical evidence in the case was sufficient to allow the jury to reasonably conclude that methamphetamine was stored in the trailer. The statute does not specify any particular amount of methamphetamine that must be stored in the dwelling. There were numerous implements for smoking methamphetamine containing residue in the trailer, including a light bulb in the kitchen cupboard with food stuff, a pipe under the mattress, and a pipe in a laundry basket. There were also bags with residue in the couch cushions.

The jury could certainly infer from the evidence that methamphetamine was stored in the trailer.

## CONCLUSION

[¶ 26] The trial court erred when it failed to instruct the jury on the "enter" element of the crime as set out in § 6–4–405(a)(iii). Following federal law, we conclude the instructional error was not fundamental. Because she failed to object to the erroneous instruction at trial, Ms. Granzer was required to show plain error in order to justify reversal. We conclude the instructional violation rose to the level of plain error because the evidence on the "enter" element was disputed; consequently, Ms. Granzer suffered material prejudice. As to the second issue, the State presented sufficient evidence to establish the "store" element of the crime.

[¶ 27] Reversed and remanded for a new trial.

KITE, J., delivers the opinion of the Court; VOIGT, C.J., files a dissenting opinion, in which GOLDEN, J., joins.

VOIGT, Chief Justice, dissenting, in which GOLDEN, Justice, joins.

[¶ 28] I respectfully dissent because, even though I agree with the majority that reversal should flow from the instructional error, I would also reverse on the issue of the sufficiency of the evidence, which would result in reversal for entry of a judgment of acquittal. The failure of the district court adequately to instruct the jury as to the elements of the offense charged was exacerbated in this case by the dearth of evidence that the appellant "stored" methamphetamine in the home at a time that she allowed the child to "enter and remain" in the home. It appears undisputed that the appellant arrived at the home just shortly before the officers did, that when she arrived she was not aware that the child was there, and that the only methamphetamine present, other than trace amounts in empty baggies, was in her pocket when she entered. Evidence that the appellant may have at other times in the past allowed the child to enter and remain in the home, at which time there may or may not have been metham-

phetamine "stored" there, is irrelevant. I would reverse and remand for entry of a judgment of acquittal because there was insufficient evidence to convict.

[¶ 29] The temporal factor is significant in this case both in regard to the definition of the crime and to the appellant's theory of defense. The legislature defined the crime as "knowingly and willfully" allowing a child to "enter and remain" in a dwelling "being used" to store methamphetamines. *See majority opinion supra* ¶ 6. Neither an inference of previous permission for the child to enter the dwelling, nor an inference of previous use of the dwelling to store methamphetamines, is sufficient to prove that a crime occurred on October 10, 2006. In other words, the State did not prove the confluence of actus reus and mens rea. Specifically, there was no proof that the appellant allowed a child to enter and remain in the house at a time that she knew methamphetamine was being stored there. Furthermore, I would find that, as a matter of law, the appellant's attempt to hide the methamphetamine she had in her pocket when she entered the house is not what the legislature had in mind when it required as an element of the crime that methamphetamine be "manufactured" or "stored" in the room, dwelling, or vehicle. This was a simple possession case.