2010 WY 150

**Jeffrey D. HOLLOWAY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–09–0185.**

Supreme Court of Wyoming.

Nov. 22, 2010.

Representing Appellant: Diane Lozano, State Public Defender; Tina Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel, Wyoming Public Defender Program. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General. Argument by Mr. Smith.

Before KITE, C.J., and GOLDEN, HILL, VOIGT,* and BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   Appellant, Jeffrey D. Holloway, was convicted after a jury trial of one count of second degree sexual abuse of a minor and sentenced to three to eight years in prison. He seeks reversal of that conviction on the basis of prosecutorial misconduct. We will affirm.

**ISSUE**

[¶ 2]   Holloway raises the following issue for our review:

> Was Mr. Holloway denied due process of law by the prosecutor's misconduct in pursuing a charge she knew was not supported by any evidence?

**FACTS**

[¶ 3]   On December 3, 2008, the victim, a fourteen-year-old girl, reported to police that she had been involved in a sexual relationship with Holloway, aged twenty-six years, in October 2008. Among other things, the victim reported going to Holloway's house on the morning of October 24 after getting off the school bus and having sex with him. The victim also reported having sex with Holloway "6–7 times" during the two-week period preceding October 24.

[¶ 4]   The State ultimately charged Holloway with three counts of second degree sexual abuse of a minor under Wyo. Stat. Ann. § 6–2–315(a)(i) (LexisNexis 2009), with each count pertaining to an act of sexual inter-

* Chief Justice at time of oral argument.

course occurring on October 22, 23, and 24, respectively. After a preliminary hearing, the case was bound over to district court and proceeded to trial on July 8, 2009.

[¶ 5] Following jury selection and before opening statements, and in the course of a hearing on a series of motions, the prosecutor, defense counsel, and the district court judge discussed the prosecutor's concern that the victim's testimony might not support Count III, which related to the alleged incident of sexual intercourse on October 24. The prosecutor thought she had filed a motion to dismiss that charge, but her file review showed she had not. Ultimately, the prosecutor decided not to dismiss the charge until she had an opportunity to evaluate the victim's testimony regarding the events of October 24.[1] Defense counsel objected to continuing with Count III, but the district court determined its only option under the circumstances was to wait and see what testimony came out at trial.

[¶ 6] When the victim testified at trial, she specifically recalled engaging in sexual intercourse with Holloway on October 23. However, she was unable to remember whether she had sex with him on October 24, nor could she recall if sexual intercourse occurred on October 22. Based on the victim's lack of memory about October 22 and 24, the prosecutor elected to dismiss Counts I and III, and that decision was relayed to the jury by the district court before the second day of trial. The case was eventually submitted to the jury on the sole remaining count (Count II), and the jury returned a verdict of guilty. The district court sentenced Holloway to serve three to eight years in prison. This appeal followed.

### DISCUSSION

[¶ 7] Holloway insists that reversible error occurred when the prosecutor pursued the October 24 criminal charge, a charge he claims the prosecutor clearly knew was not supported by any evidence. He contends that

the prosecutor's actions violated several rules of professional conduct and resulted in a denial of his due process right to a fair trial. The State counters that the prosecutor had a reasonable belief that some incriminating evidence existed to support the charge—the victim's initial statements to police—and, therefore, did not violate her ethical duties by pursuing it.

[¶ 8] In addressing a claim of prosecutorial misconduct, our focus is on the prejudicial effect of the misconduct. In *Gabbert v. State*, 2006 WY 108, ¶ 21, 141 P.3d 690, 697 (Wyo.2006), *abrogated on other grounds by Granzer v. State*, 2008 WY 118, 193 P.3d 266 (Wyo.2008), we described our standard of review as follows:

> When reviewing a claim of prosecutorial misconduct, the entire record must be considered. Whether such misconduct is reviewed on the basis of harmless error, W.R.Cr.P. 52(a) and W.R.A.P. 9.04, or on the basis of plain error, W.R.Cr.P. 52(b) and W.R.A.P. 9.05, our primary focus is whether an accused's case has been so seriously prejudiced by the error that a fair trial has been denied. *Butcher v. State*, 2005 WY 146, ¶ 38, 123 P.3d 543, 554 (Wyo.2005); *Lopez v. State*, 2004 WY 103, ¶ 56, 98 P.3d 143, 157 (Wyo.2004). This involves a determination as to whether, "based on the entire record, a reasonable possibility exists that, in the absence of the error, the verdict might have been more favorable to the accused." *Lopez*, ¶ 56, 98 P.3d at 157. [The appellant] bears the burden of establishing prejudicial error. *Butcher*, ¶ 39, 123 P.3d at 554.

[¶ 9] Applying these legal principles, we cannot conclude that reversible error occurred in this instance. First, we are not persuaded under the facts of this case that the prosecutor violated her ethical responsibilities by prosecuting the October 24 charge. More importantly, we are not convinced from our review of the entire record that the prosecutor's pursuit of that charge, even if

---

1. The essence of the prosecutor's concern was the victim's statement to her that no sexual encounter occurred on October 24, which was the underlying basis for her initial decision to dismiss that charge. That statement contradicted what the victim had originally reported to law enforcement. The prosecutor concluded in light of the victim's earlier statements to law enforcement that she might have simply misunderstood what the victim had told her.

deemed improper, resulted in substantial prejudice amounting to the denial of a fair trial.

[¶ 10]   As previously noted, the prosecutor dismissed the October 24 charge, and the jury was told of its dismissal before the second day of trial.   After that, there was only minimal reference to the victim's initial report of sexual contact on that date;   the alleged sexual activity was not emphasized, nor was it used as substantive evidence of Holloway's guilt.   Most importantly, the evidence of Holloway's guilt on Count II was quite strong.   The victim testified in detail to having sex with Holloway on October 23. She recounted going to Holloway's house after getting off the school bus that morning, lying with him in his bed, and engaging in foreplay and eventually sexual intercourse.   The victim never wavered that the sexual encounter occurred on that day because she specifically remembered missing the entire day of school. Other evidence presented at trial substantially corroborated the victim's testimony.   For example, the school records revealed the victim missed the entire day of school on October 23.   Considering the strength of the evidence in conjunction with what transpired at trial, we do not believe the inclusion of the October 24 charge had a deleterious effect on the jury's verdict.   We therefore cannot conclude a reasonable possibility exists that the exclusion of that charge would have led to a more favorable verdict.   Affirmed.