# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 88

APRIL TERM, A.D. 2014

*July 11, 2014*

JAMES VINCENT ANDERSEN,

**Appellant**
**(Defendant),**

v.                                                   S-13-0212

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Laramie County*
*The Honorable Peter G. Arnold, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Christyne Martens, Assistant Attorney General. Argument by Ms. Martens.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\*Chief Justice at time of oral argument*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Justice**.

[¶1]    Appellant James Andersen challenges his conviction of felony child abuse for physically injuring his daughter in violation of Wyo. Stat. Ann. § 6-2-503(b)(i) (LexisNexis 2013).  He argues that the district court failed to properly instruct the jury on the elements of the crime, and that the evidence was not sufficient to prove the offense beyond a reasonable doubt.  We agree that the jury was not properly instructed on the elements of felony child abuse, and that the error created confusion with regard to the necessary elements of the crime and the burden of proof, resulting in material prejudice. The evidence presented at trial was, however, sufficient to support Appellant's conviction.  We therefore reverse and remand for a new trial.

## ISSUES

[¶2]    1.      Did plain error occur because the district court's instruction on the elements of felony child abuse omitted language indicating that "physical injury" excludes "reasonable corporal punishment"?

        2.      Was the evidence sufficient to permit the jury to find Appellant guilty beyond a reasonable doubt of physically abusing his daughter in violation of § 6-2-503(b)(i)?

## FACTS

[¶3]    The events resulting in Appellant's conviction for physically abusing his fifteen-year-old daughter R.A. occurred on March 30, 2012.  That afternoon, Appellant confronted R.A. about her report card, and the two had a heated conversation about her poor grades.  Appellant began yelling at his daughter, but she ignored him.  Ostensibly to get her attention, he hit her in the rib cage with an open hand.  R.A. testified that the blow was not hard or really painful, but that it did cause a small bruise.  R.A. indicated in a written statement for law enforcement that her father also slapped her in the face at some point during the argument.  The slap did not leave a bruise, but it left a "little red mark" on the left side of her face and she "had a little blood" in her nose.  However, R.A. testified at trial that the slap "wasn't hard" and she could not remember why her nose bled.[1]

[¶4]    During the course of this confrontation, R.A.'s younger brother and Appellant's son, D.A., arrived home from school.[2]  D.A. observed R.A. get "smacked" in the ribs by

---

[1] The testimony of R.A. at trial was at times different than her written statement prepared on the night of the incident.  The State moved to admit R.A.'s written statement into evidence, but the district court denied the request.

[2] D.A. was thirteen at the time of the incident.

their father. Appellant then directed his attention and anger towards D.A. because of his poor grades. We will not describe Appellant's conduct toward D.A. because the jury found him not guilty of abusing his son.

[¶5] After these disturbing events, Appellant and the two children went to a neighbor's house to help with yard and landscaping work. They returned home in the early evening, at which point Appellant fell asleep.

[¶6] Later that evening Mrs. Andersen came home, Appellant awoke, and the two began to argue about what had taken place earlier between him, R.A., and D.A. As they argued, R.A. became fearful that "something bad was going to happen," called the police, put the phone on the ground, and fled to a neighbor's house.[3] Crying and frightened, R.A. told the neighbor that her parents were arguing, which led the neighbor to call the police as well. Law enforcement arrived soon thereafter, investigated the scene, spoke with all involved, had R.A. and D.A. make written statements, and photographed the children's injuries.

[¶7] Appellant was arrested and charged with two counts of felony child abuse in violation of Wyo. Stat. Ann. § 6-2-503(b)(i), as well one count of assault of a household member in violation of Wyo. Stat. Ann. § 6-2-501(b)(e). The two counts of child abuse were based on the alleged injuries inflicted on each of the children. The domestic battery charge, which was later dismissed on the State's motion, related to the argument between Appellant and his wife.

[¶8] After a three-day trial, the jury found Appellant guilty of abusing R.A., but acquitted him of abusing D.A. The district court sentenced Appellant to a term of four to five years incarceration, which it suspended in favor of five years of probation. Appellant timely perfected this appeal. Additional testimony and argument from Appellant's trial will be set forth *infra* as necessary.

## DISCUSSION

### *Jury Instructions*

[¶9] Appellant contends that the district court failed to properly instruct the jury as to the elements of felony child abuse under Wyo. Stat. Ann. § 6-2-503(b)(i). That statute provides:

> (b) A person is guilty of child abuse, a felony punishable by imprisonment for not more than five (5) years, if a person responsible for a child's welfare as defined in W.S. 14-3-

---

[3] R.A. put the phone on the floor at her home so the police could hear and record her parents' argument.

2

202(a)(i) intentionally or recklessly inflicts upon a child under the age of eighteen (18) years:

(i) Physical injury as defined in W.S. 14-3-202(a)(ii)(B), **excluding reasonable corporal punishment**; . . . .

Wyo. Stat. Ann. § 6-2-503(b)(i) (LexisNexis 2013) (emphasis added). The jury was instructed as follows on the elements of the crime:

INSTRUCTION NO. 6

The elements of the crime of Child Abuse, as charged in Count I in this case, are:

1.      On or about the 30th day of March, 2012
2.      In the county of Laramie and State of Wyoming
3.      The Defendant, JAMES VINCENT ANDERSEN
4.      As a person responsible for the welfare of a child
5.      Recklessly
**6.      Inflicted physical injury**
7.      Upon a child R.A. under the age of eighteen (18) years.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

(Emphasis added). Instruction No. 7, the elements instruction regarding D.A., included identical elements.

[¶10] This Court generally defers to the district court's formulation of jury instructions. *Burnett v. State,* 2011 WY 169, ¶ 14, 267 P.3d 1083, 1087 (Wyo. 2011); *Granzer v. State*, 2008 WY 118, ¶ 8, 193 P.3d 266, 269 (Wyo. 2008). "[It] is afforded latitude to tailor the instructions to the facts of the case, and reversible error will not be found as long as the instructions when viewed as a whole and in the context of the entire trial fairly and adequately cover the issues." *Granzer*, ¶ 8, 193 P.3d at 269.

3

[¶11] Appellant argues on appeal that Instruction No. 6 is confusing, misleading and an inaccurate statement of the law because it omitted any indication that physical injury excludes injury resulting from "reasonable corporal punishment." However, at trial he did not object to the instruction given or offer an alternative including the language he now claims was required. Accordingly, we review for plain error. *Jones v. State*, 2011 WY 114, ¶ 10, 256 P.3d 527, 532 (Wyo. 2011); *Granzer*, ¶ 19, 193 P.3d at 272.

[¶12] Plain error is established only when 1) the record clearly reflects the error, 2) there was a transgression of a clear and unequivocal rule of law, and 3) the party claiming error was denied a substantial right which materially prejudiced him. *Jones*, ¶ 15, 256 P.3d at 533. To establish prejudice, an appellant must show that the instruction confused or misled the jury concerning the proper principles of law. *Walker v. State*, 2012 WY 1, ¶ 6, 267 P.3d 1107, 1110 (Wyo. 2012).

[¶13] Turning to the merits, Appellant asserts, and the State concedes, that the first prong of the plain error test is satisfied because the jury instructions are in the record before us. The parties disagree, however, as to the remaining two prongs. Having carefully examined the statute, controlling case law and the entire record, we agree with Appellant that a clear and unequivocal rule of law was violated, and that the error denied Appellant substantial rights and resulted in material prejudice.

[¶14] The function of jury instructions is to afford the jury with a "foundational legal understanding to enable a reasoned application of the facts to the law." *Walker v. State*, 2013 WY 58, ¶ 31, 302 P.3d 182, 191 (Wyo. 2013); *see also Jones*, ¶ 11, 256 P.3d at 532. Two major principles of our system of justice are unwavering adherence to the rule of law, and trust in juries to resolve factual disputes. Correct instructions on the law are the thread that binds those two principles together. They make it possible for the jury to apply general rules of law enacted by the legislature or adopted by the courts to the particular case before it. It is therefore crucial that the district court provide a correct précis of the law and adequately cover all relevant issues in order to assure that the jury is not left to decide the case on some other and perhaps improper basis. *Walker*, ¶ 31, 302 P.3d at 191. To test whether the jury has been properly instructed on the necessary elements of the crime, we must ask if the instructions leave doubt as to the circumstances under which the crime can be found to have been committed. *Id.*; *see also Gentilini v. State*, 2010 WY 74, ¶ 20, 231 P.3d 1280, 1286 (Wyo. 2010).

[¶15] Wyo. Stat. Ann. § 6-2-503(b)(i) expressly provides that a person responsible for a child's welfare is not guilty of child abuse if the physical injury results from reasonable corporal punishment. In other words, because reasonable corporal punishment is a listed element, the State must prove beyond a reasonable doubt that the physical injury is not

4

the result of discipline a parent is permitted to administer.[4] Instruction No. 6 stated only that a defendant is guilty of child abuse for inflicting "physical injury." It omitted the "excluding reasonable corporal punishment" element of the crime. The instruction might therefore allow the jury to find Appellant guilty of abusing R.A. for any physical injury without determining whether the conduct in question had been shown not to be reasonable corporal punishment beyond a reasonable doubt. Consequently, we cannot conclude that the jury instruction correctly states the law and adequately covers the relevant issue.

[¶16] The State contends that when Instruction No. 6 is read in conjunction with Instruction No. 10, which defines the term "physical injury," the jury was in fact adequately informed of what was required to find Appellant guilty of abusing R.A. in violation of § 6-2-503(b)(i). The latter instruction provided as follows:

INSTRUCTION NO. 10

**As used in Instruction 7** "physical injury" means any harm to a child including but not limited to disfigurement of any bodily organ, skin bruising if greater in magnitude than minor bruising associated with reasonable corporal punishment, bleeding, burns, fractures of any bones, subdural hematoma or substantial malnutrition.

(Emphasis added).

[¶17] The State is correct that we do not single out individual jury instructions or parts of them, but that we instead consider the instructions as a whole. *Burnett*, ¶ 14, 267 P.3d at 1087; *Granzer*, ¶ 8, 193 P.3d at 269. However, we cannot accept the State's contention that Instruction No. 10 rectified the omission of an element in Instruction No. 6. For starters, Instruction No. 10 fails to inform the jury that the State had the burden of proving that the Appellant's actions against R.A. were not reasonable corporal punishment beyond a reasonable doubt. Although Instruction No. 6 told the jury that the State had to prove every element of the offense beyond a reasonable doubt, the need to disprove reasonable corporal punishment was not a listed element.

[¶18] Furthermore, Instruction No. 10 only refers to Instruction No. 7, which is the count of child abuse relating to Appellant's son D.A., and not that relating to his daughter R.A. If the jury read Instruction No. 10 literally, as it was entitled to do given the fact that other instructions directed it to follow the court's instructions whether it agreed with

---

[4] For many years the parental privilege of corporal punishment was a common law defense, which this State recognized. *See Keser v. State*, 706 P.2d 263, 268-70 (Wyo. 1985). The legislature amended the child abuse statute in 1998 and made this common law defense an element of § 6-2-503(b)(i). *See* 1998 Wyo. Sess. Laws Ch. 93.

them or not, it could have believed that the reasonable corporal punishment limitation did not apply to the count relating to R.A. Perhaps it reached the result it did simply because the evidence was stronger as to R.A. than as to D.A., but the instructions are clearly confusing. When we examine them as a whole, we are compelled to conclude that the district court violated a clear and unequivocal rule of law by failing to instruct on all of the elements of child abuse under § 6-2-503(b)(i). Accordingly, the second prong of the plain error test is satisfied.

[¶19] As to the third prong of our plain error analysis, we find that the error resulted in a denial of a substantial right resulting in material prejudice to Appellant. First, for the reasons explained above, we cannot help but conclude that the jury likely was misled and confused as to the necessary elements of child abuse pursuant under § 6-2-503(b)(i). *See Walker*, ¶ 6, 267 P.3d at 1110. Indeed, the prosecutor was apparently bemused as well, as she made the following argument in closing:

> Instruction No. 6 and 7 -- and these are the elements that the State has to prove beyond a reasonable doubt. Just these elements, nothing else. Nothing more.
>
> *     *     *
>
> [A]buse is still abuse, and harm is still harm. And the statute and the jury instructions tell you that physical injury -- this is Instruction No. 10 -- means any harm to a child including but not limited to. And then it goes on to give you some examples, talks about bleeding. But the important thing to remember is physical injury means any harm. And look at this instruction and apply the law to the facts.
>
> *     *     *
>
> [W]hat we do have, ladies and gentleman, is harm, physical injury. It doesn't matter that it's on a very low spectrum as compared to broken bones or disfigurement, but we still have physical injury.

(Quotation marks omitted). The argument incorrectly stated, or at least wrongly implied, that any harm met the requirement of "physical injury," and that the State did not need to disprove beyond a reasonable doubt that R.A.'s physical injuries were the result of reasonable corporal punishment.[5] *See Sanderson v. State*, 2007 WY 127, ¶¶ 44-45, 165 P.3d 83, 95 (Wyo. 2007) (rejecting "[t]he State's broad reading of the phrase 'any harm'

---

[5] The State commendably conceded in its brief that the prosecutor misstated the law.

6

to encompass any harm, no matter how small . . . ."); *see also Drennen v. State*, 2013 WY 118, ¶¶ 14-16, 311 P.3d 116, 122-23 (Wyo. 2013) (finding plain error because the prosecutors' repeated misstatements regarding the law were prejudicial). We find that these misstatements amplified the erroneous instructions, which no doubt further "confused or misled the jury with respect to the proper principles of law." *Walker*, ¶ 6, 267 P.3d at 1110.

[¶20] We have held that "[u]nder the plain error standard, failure to instruct on an essential element is not reversible if the element was not contested or where evidence of the defendant's guilt is overwhelming because, under those circumstances, the defendant suffers no prejudice from the violation." *Jones*, ¶ 14, 256 P.3d at 533 (quotation marks omitted). However, we have also pointed out that "there will be few instances in which these criteria are met, and it will be the rare case in which the omission of an element of a crime from the jury instructions does not cause prejudice to the defendant." *Id.* This is not one of those rare cases.

[¶21] After a solicitous review of the record, we are satisfied that the elements of physical injury and reasonable corporal punishment were contested by Appellant and that evidence of his guilt was not so overwhelming that we can find the error to be harmless. *See Jones*, ¶ 14, 256 P.3d at 533. Appellant's theory of the case was that he applied physical force to discipline R.A. He did not deny striking her, and in fact admitted to hitting her with an open hand on the side to punish her and to get her attention. He testified that the blow was not hard, and that R.A. stood her ground and continued to curse at him after he struck her.

[¶22] R.A. testified consistently that Appellant hit her with an open hand on the side of her body to "get my attention because I wasn't acknowledging him." R.A. also indicated that the blow was not hard and not really painful, but that it did cause a small bruise. In addition, R.A. said that her father had slapped her in the face at some point during this argument, which left a "little red mark" on the left side of her face and she "had a little blood" in her nose. However, she also testified that the slap "wasn't hard." While we certainly do not condone Appellant's use of force, the evidence of guilt was not "overwhelming," as our precedent requires it to be. We therefore find that Appellant was materially prejudiced and that the third prong of the plain error test has been established. Because Appellant has proven plain error, we reverse his conviction.

## *Sufficiency of the Evidence*

[¶23] Appellant also claims that the evidence was not sufficient to prove child abuse beyond a reasonable doubt because the State did not establish that the force he used was in excess of that permissible as reasonable corporal punishment. Therefore, although we reverse his conviction because the jury was not instructed correctly, we must also resolve whether the evidence was sufficient to convict him as a matter of law. *Granzer*, ¶ 23, 193

P.3d at 272. If it was not, Appellant is entitled to be acquitted, in which case the State could not retry him. *Id.* We review the sufficiency of the evidence under the following standard:

> We examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it. We do not consider conflicting evidence presented by the defendant. We do not substitute our judgment for that of the jury; rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt. This standard applies whether the supporting evidence is direct or circumstantial.

*Guerrero v. State*, 2012 WY 77, ¶ 14, 277 P.3d 735, 738-39 (Wyo. 2012) (quoting *Anderson v. State*, 2009 WY 119, ¶ 6, 216 P.3d 1143, 1145 (Wyo. 2009)).

[¶24] The State's evidence must be accepted as true, and it must be given all favorable inferences flowing from it. Appellant admitted that he hit R.A. with an open hand on her rib cage. The State also proved that he slapped R.A. in the face after hitting her in the side. The blow to R.A.'s side resulted in a bruise, and the slap to her face left a mark and possibly bloodied her nose.

[¶25] Appellant's assertion that R.A.'s injuries were not severe and that he administered reasonable corporal punishment as a matter of law is unavailing when we view the evidence under the proper standard of review. Both bruising and bleeding can qualify as a "physical injury" sufficient to support a conviction for felony child abuse. Wyo. Stat. Ann. § 6-2-503(b)(i); Wyo. Stat. Ann. § 14-3-202(a)(ii)(B) (LexisNexis 2013).

[¶26] Whether it is reasonable corporal punishment to strike a child in the ribs and the face is for the jury to determine, and a reasonable jury could decide that it was not. *See Sanderson*, ¶¶ 43-45, 165 P.3d at 95; *see also Swan v. State*, 2014 WY 38, ¶¶ 13-16, 320 P.3d 235, 239-40 (Wyo. 2014); *Keser*, 706 P.2d at 266-68; *State v. Spiegel*, 39 Wyo. 309, 312-13, 270 P. 1064, 1065 (1928). This is a determination that jurors, many of whom are parents, and all of whom have been children, are uniquely qualified to make. The record convinces us that the evidence presented was sufficient to find Appellant guilty of abusing R.A. pursuant to § 6-2-503(b)(i).

## CONCLUSION

[¶27] The district court erred when it failed to instruct the jury in the elements instruction of the count relating to R.A. that physical injury excludes "reasonable corporal punishment," as required by Wyo. Stat. Ann. § 6-2-503(b)(i). The instructions were also confusing as to the burden of proof as to this element, and Appellant has shown

plain error. However, the State presented sufficient evidence to support a verdict finding that R.A.'s physical injuries were not the result of reasonable corporal punishment, and is thus entitled to retry Appellant if it chooses to do so.

[¶28] Reversed and remanded for a new trial.