FOX, Justice,
specially concurring, in which KITE, Justice (Ret.), joins.
[T41] I concur in the result, but I write separately because I believe the burden of demonstrating harmless error from prosecu-torial misconduct should be on the beneficiary of the error.
[142] The United States Supreme Court has imposed the burden to demonstrate harmless error on the prosecution for many years. See, e.g., Kotteakos v. United States, 328 U.S. 750, 760, 66 S.Ct. 1239, 1246, 90 L.Ed. 1557 (1946) ("If the error is of such a character that its natural effect is to prejudice a litigant's substantial rights, the burden of sustaining a verdict will ... rest upon the one who claims under it."). "[Llater cases have made it clear that, unlike plain error analysis that places on the defendant the burden of demonstrating prejudice, harmless error requires the prosecutor to disprove prejudice." 3B Charles A. Wright et al., Federal Practice and Procedure § 854, at 506 (4th ed.2013).
[¥ 48] Federal courts distinguish between the burden of showing harmless error under F.R.Cr.P. 52(a), which is imposed on the government, and the burden of showing prejudice occurred under the F.R.Cr.P. 52(b) [11] plain error standard, in which case it "is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778, 123 *305 L.Ed.2d 508 (1993) (applying the plain error standard). See also United States v. Fleming, 667 F.3d 1098, 1103 (10th Cir.2011) ("[Wlhen a defendant fails to object to an allegedly improper statement during trial, we will 'review only for plain error and it is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.'" (citation omitted)). When, ds here, a timely objection has been made by the defendant, the burden should shift to the State to show that the. prosecutorial misconduct did not result in prejudice to the defendant.
[144] Several state courts also allocate the burden to the prosecution to show that nonconstitutional error was harmless. See, e.g., State v. Dolloff, 58 A.3d 1032, 1043 (Me. 2012) (The State must persuade us that "it is highly probable that the jury's determination of guilt was unaffected by the prosecutor's comments."); State v. Akins, 298 Kan. 592, 315 P.3d 868, 882 (2014) ("'The State bears the burden of proving the misconduct was harmless error."); State v. Hill, 801 N.W.2d 646, 654 (Minn.2011) State bears the burden of persuasion on claims of prosecuto-rial misconduct to demonstrate that 'the misconduct did not affect substantial rights." (citation omitted)); Guzman v. State, 868 So.2d 498, 507 (Fla.2003) ("[OJnee a defendant has established that the prosecutor knowingly presented false testimony at trial, the State bears the burden to show that the false evidence was not material{.]"). |
[145] Justice Voigt (then Chief Justice) suggested this approach in his special concurrence in Schreibvogel v. State, 2010 WY 45, 228 P.3d 874 (Wyo.2010):
I concur in the result reached by the majority because stare decisis requires us to place upon the appellant the impossible task of proving prejudice in cases such as this. The majority states the well-established law in Wyoming: "It is error and misconduct for a prosecutor to ask a witness whether he thinks other witnesses are 'lying' or 'mistaken.'" Yet the prosecutor in this case asked the appellant not once, but three times, whether another witness-the bartender, the victim, and the cellmate-was incorrect or mistaken. Perhaps the State would pay attention to the law if it bore the burden of proof as to the lack of prejudice.
[[Image here]]
My concern is that, while the harmless error rule certainly makes sense as a reasonable systemic tool, its actual application via a process that requires each appellant to prove that he or she has been prejudiced by prosecutorial misconduct, leaves the State nearly unfettered in its ability to do as it pleases, this Court's opinions to the contrary notwithstanding.
Id. at ¶¶ 52, 54, 228 P.3d at 890-91 (Voigt, C.J., specially concurring) (citations omitted). The Court again signaled its interest in shifting the burden in such cases in Barnes v. State, 2011 WY 62, ¶ 12, 249 P.3d 726, 730-31 (Wyo.2011).
[T46] This Court has previously allocated the burden to the State of showing harmless error beyond a reasonable doubt in cases of constitutional error. "The Chapman standard requires the appellate court to be convinced beyond a reasonable doubt no reasonable possibility exists that the error contributed to the jury's determination." Vigil v. State, 2004 WY 110, ¶ 21, 98 P.3d 172, 180 (Wyo.2004) (citing Chapman v. California, 386 U.S. 18, 23-26, 87 S.Ct. 824, 827-29, 17 L.Ed.2d 705 (1967). There are two different standards of review for harmlessness, "one for nonconstitutional errors and one for errors of constitutional dimension." United States v. Powell, 334 F.3d 42, 45 (D.C.Cir.2003). Under federal law, "[uln-der both standards, the burden is on the government to demonstrate that the error was harmless." United States v. Whitmore, 359 F.3d 609, 622 (D.C.Cir.2004).
[147] I would allocate the burden to the State to demonstrate the error was harmless in eases of prosecutorial misconduct involving a nonconstitutional error, although I would not require it to make that showing beyond a reasonable doubt. Nonconstitutional errors are harmless "unless the error had a substantial influence on the outcome of the proceeding or leaves one in grave doubt as to whether it had such effect." United States v. Thompson, 287 F.3d 1244, 1253 (10th Cir. 2002) (citing United States v. Rivera, 900 *306 F.2d 1462, 1469 (10th Cir.1990)); see also Kotteakos, 328 U.S. at 765, 66 S.Ct. at 1248 ("[If one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.").
[148] There is no dispute in this case that "was she lying" questions constituted prosecutorial misconduct. Our precedent is clear on that point, and the State concedes it. Barnes, 2011 WY 62, T 9, 249 P.3d at 728-29 (It is "misconduct for the prosecutor to cross-examine a defendant using the 'lying' or 'mistaken' technique (¢.e., well, then if 'so- and-so' said 'such-and-such,' was he 'mistaken' or 'lying?)") (quoting Beqaugureaqu v. State, 2002 WY 160, 117, 56 P.8d 626, 636 (Wyo.2002)). See also ABA Standards for Criminal Justice Prosecution Function and Defense Function, Standard 3-5.6(b), at 101 (3d ed.1998):[12]
A prosecutor should not knowingly and for the purpose of bringing inadmissible matter to the attention of the judge or jury offer inadmissible evidence, ask legally objectionable questions, or make other impermissible comments or arguments in the presence of the judge or jury.
[149] "Prosecutorial misconduct claims are not intended to provide an avenue for tactical sandbagging of the trial courts, but rather, to address gross prosecutorial improprieties that have deprived a criminal defendant of his or her right to a fair trial." 21 Am. Jur. 2d Prosecutorial Misconduct § 429, at 545 (2008). We have defined "prosecutorial misconduct" as "[a] prosecutor's improper or fegal act (or failure to act), esp. involving an attempt to persuade the jury to wrongly convict a defendant or assess an unjustified punishment." Croft v. State, 2013 WY 41, ¶ 13, 298 P.3d 825, 829 (Wyo.2013) (quoting Black's Law Dictionary 1237 (7th ed.1999)). We also affirmed that not every "evidentiary error which favors the State would be considered prosecutorial misconduct." Id.
[€50] Other courts have recognized that prosecutorial misconduct is something more than an evidentiary error; United States v. Walton, No. ARMY 20011151, 2007 WL 7264761, at *1 (Army Ct.Crim.App. May 3, 2007) ("Prosecutorial misconduct can be generally defined as action or inaction by a prosecutor in violation of some legal norm or standard, e.g., a constitutional provision, a statute, a Manual rule, or an applicable professional ethics canon." (citation omitted)); State v. Ramey, 721 N.W.2d 294, 299-300 (Minn.2006) ("conduct the prosecutor should know is improper"); State v. Inkelaar, 293 Kan. 414, 264 P.3d 81, 93 (2011) (Appellate court first determines if prosecutor's questions were proper, then "reviews (1) whether the misconduct was gross and flagrant, (2) whether the misconduct showed ill will on the prosecutor's part, and (8) whether the evidence was of such a direct and overwhelming nature that the misconduct would likely have had little weight in the minds of jurors.").
[T51] There is a solid body of Wyoming case law establishing the type of conduct that constitutes prosecutorial misconduct, which typically falls into a handful of types of conduct:
[Wle have said that prosecutors are not to inject into the trial their personal beliefs as to the credibility of the evidence. Moe [v. State], 2005 WY 58, ¶ 21, 110 P.3d [1206,] 1214 [(Wyo.2005)]; and Lane [v. State], 12 P.3d [1057,] 1065 [(Wyo.2000)]. We have also repeatedly said that prosecutors should not suggest that a defendant carries any burden of proof. Id. at 1066 (citing Harper v. State, 970 P.2d 400, 405 (Wyo.1998)). And it is not appropriate for a prosecutor to argue to a jury that it is the jury's duty to convict the defendant. Lafond v. State, 2004 WY 51, ¶ 25, 89 P.3d 324, 332 (Wyo.2004); Burton v. State, 2002 WY 71, ¶ 50, 46 P.3d 309, 321 (Wyo.2002); *307 see also [United States v.] Sanchez, 176 F.3d [1214,] 1224 [ (9th Cir.1999) ].
Seymore v. State, 2007 WY 32, ¶ 20, 152 P.3d 401, 410 (Wyo.2007), abrogated by Granzer v. State, 2008 WY 118, 193 P.3d 266 (Wyo.2008). It is prosecutorial misconduct: to vouch for the credibility of witnesses, Fennell v. State, 2015 WY 67, ¶¶ 31-44, 350 P.3d 710, 719-26 (Wyo.2015); to ask the jury to convict a defendant for any reason other than the evidence before it, Mazurek v. State, 10 P.3d 531, 542 (Wyo.2000); to comment upon an accused's silence "when used to the state's advantage either as substantive evidence of guilt or to suggest to the jury that the silence was an admission of guilt," Abeyta v. State, 2003 WY 136, ¶ 11, 78 P.3d 664, 667 (Wyo. 2003) (citation omitted); to suggest that he has independent knowledge of facts that could not be presented to the jury, Talley v. State, 2007 WY 37, ¶ 21, 153 P.3d 256, 263 (Wyo.2007); to use voir 'dire to prove the elements of the case or to invite the jury to emotionally sympathize with the victim, Law v. State, 2004 WY 111, ¶ 34, 98 P.3d 181, 194 (Wyo.2004); to "launch personal attacks against defense counsel to inflame the passions and prejudices of the jury," Lafond v. State, 2004 WY 51, ¶ 39, 89 P.3d 324, 336-37 (Wyo.2004) (citation omitted); to ask the jury to place themselves in the position of the victim, Trujillo v. State, 2002 WY 51, ¶ 13, 44 P.3d 22, 27 (Wyo.2002); to intentionally misstate the evidence, Bustos v. State, 2008 WY 37, ¶ 9, 180 P.3d 904, 907 (Wyo.2008);, to suggest the jury should consider the defendant's fate rather than focusing on its fact finding responsibility, Haynes v. State, 2008 WY 75, ¶¶ 26-28, 186 P.3d 1204, 1210-11 (Wyo.2008); and to ask "was she lying" questions (see majority opinion at 1 17).
[152] While this list is not exhaustive, what we can conclude is that the type of conduct we have found to constitute prosecu-torial misconduct all falls into the general category of conduct that the prosecutor knew or should have known would deprive the defendant of the right to a fair trial; and we have had no difficulties in distinguishing between such clearly egregious prosecutorial misconduct and mere evidentiary errors.
[T53] I believe the courts are up to the task of identifying prosecutorial misconduct, and that our objective of providing fair trials is best served in cases of prosecutorial misconduct by imposing the burden on the State to demonstrate the error was harmless. I recognize the difficulty for the prosecutor in this case, who proceeded to ask the improper questions after the district court had overruled defense counsel's objections and seemingly authorized the misconduct. However, it is the prosecutor's duty to "seek justice, not merely to convict." ABA Standards for Criminal Justice Prosecution Function and Defense Function, Standard 3-1.2(c), at 4 (8d ed.1993). As the United States Supreme Court has noted with respect to the United States Attorney's prosecutorial duty:
The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935), overruled on other grounds by Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). See also Lawson v. State, 2010 WY 145, ¶ 20, 242 P.3d 993, 1000 (Wyo.2010) ("The right to a fair trial, guaranteed to state criminal defendants by the Due Process Clause of the Fourteenth Amendment, imposes on States certain duties consistent with their sovereign obligation to ensure 'that justice shall be done' in all criminal prosecutions.") (quoting Cone v. Bell, 556 U.S. 449, 451, 129 S.Ct. 1769, 1772, 173 L.Ed.2d 701 (2009)); Beaugureau, 2002 WY 160, ¶ 16, 56 P.3d at 634 ("Society wins not only when the *308 guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." (citation omitted)).
[T 54] If we held that misconduct could be cleansed by the trial court's erroneous approval, we would be sending the message that misconduct is acceptable if the prosecutor can get away with it. That would be the wrong message. The prosecutor's duty is to seek justice and to win trials only when justice is served. Shifting the burden of demonstrating lack of prejudice to the State in cases of prosecutorial misconduct where appropriate objection has been made is consistent with that duty.
BURKE, Chief Justice, delivers the opinion of the Court; FOX, Justice, files a specially concurring opinion, in which KITE, Justice (Ret.), joins.

. W.R.Cr.P. 52 is substantially identical to the federal rule. Pena v. State, 2013 WY 4, ¶ 48, 294 P.3d 13, 22 (Wyo.2013) ("In construing Wyoming rules of procedure, where Wyoming and federal rules of procedure are similar, we have repeatedly looked to federal cases construing the federal rule as persuasive authority." (citation omitted)).

. We have previously adopted the broad guidelines found in the ABA Standards. Moe v. State, 2005 WY 58, ¶ 20, 110 P.3d 1206, 1214 (Wyo.2005).